STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy WHITE and Kathy White, Defendants-Appellants.†

Court of Appeals

*No. 81–1895–CR. Submitted on briefs June 8, 1982.—Decided September 21, 1982.*
(Also reported in 325 N.W.2d 76.)

† Petition to review granted.

For the appellants the cause was submitted on the brief of *Ralph W. Koopman* of Eagle River.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, *Daniel D. Stier,* assistant attorney general, and *Raymond W. Dunne,* legal counsel, department of public instruction.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Timothy and Kathy White appeal a judgment convicting them of failing to cause their minor child to attend a public or private school, contrary to sec. 118.15 (1) (a), Stats.[1] The Whites contend that:

(1) The trial court lacked personal jurisdiction over them because the criminal complaint is insufficient;
(2) The trial court erred in denying their motion for a bill of particulars;
(3) The trial court erred in its allocation of the burden of proof on what is allegedly an element of the crime charged;

---

[1] For purposes of this appeal, we are construing the notice of appeal as an appeal from a final judgment of conviction. Although the record contains no such written judgment, the docket entry reveals that a conviction was entered after the Whites pled guilty and that a fine was imposed.

(4) Section 118.15(1)(a) is unconstitutional as applied because it violates their right to the free exercise of religion;

(5) Section 118.15(1)(a) is unconstitutionally vague on its face.

Because we conclude that the trial court had subject matter jurisdiction and that sec. 118.15(1)(a) is facially constitutional, we affirm.

The Whites were charged with failing to cause their six-year-old son, Matthew, to attend a public or private school, contrary to sec. 118.15(1)(a).[2] The Whites claim to have withdrawn Matthew from the local public elementary school because of religious reasons.

The parties initially informed the trial court that there were few disputed factual matters, and they asked the court to resolve certain legal issues during pretrial hearings. The trial court and the parties agreed that if the court's resolution of the legal issues was unfavorable to the Whites, the Whites would plead guilty and preserve their right to appeal all rulings.

The Whites subsequently challenged the sufficiency of the criminal complaint in a motion to dismiss. The Whites additionally filed a motion for a bill of particulars and a motion to dismiss the action on constitutional grounds. In response to the allegations in the complaint, the Whites contend that they did not violate sec.

---

[2] Section 118.15(1)(a), Stats., provides:

Except as provided under pars. (b) and (c), unless the child is excused under sub. (3) or (4) or has graduated from high school, any person having under control a child who is between the ages of 6 and 18 years shall cause the child to attend school regularly during the full period and hours, religious holidays excepted, that the public or private school in which the child should be enrolled is in session until the end of the school term, quarter or semester of the school year in which the child becomes 18 years of age.

A failure to comply with this section is punishable by fine and/or imprisonment. *See* § 118.15(5), Stats.

118.15(1)(a) because Matthew was, in fact, attending a private school.

The state asserted that the private school attendance issue is a defense, and it contended that the Whites were not operating a private school under sec. 118.15(1)(a). The state brought a motion in limine to prohibit the Whites from raising this issue as a defense to the charge.

The trial court held that the private school issue is a defense, and the court allocated the burden of proof to the Whites on that issue. The court also denied the Whites' motions to dismiss and their motion for a bill of particulars. After a pretrial hearing, the court ruled that the Whites were not operating a private school and it granted the motion in limine. The Whites subsequently pled guilty and were convicted and fined.

## EFFECT OF THE GUILTY PLEA

The fact that a guilty plea was entered in this case raises the possibility of a waiver of issues and defenses. The agreement by the parties and approved by the trial court that the right of appeal is preserved is insufficient to confer appellate jurisdiction over issues waived by the Whites' guilty plea. Although the parties have neither raised nor addressed the effect of the guilty plea, we must independently determine which issues were not waived.

In *Hawkins v. State*, 26 Wis. 2d 443, 448, 132 N.W.2d 545, 547–48 (1965), our supreme court held that a guilty plea, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses including claims of constitutional violations prior to the plea. We conclude that the trial court's failure to grant the Whites' motion for a bill of particulars relates to a nonjurisdictional defect and is therefore subject to a guilty plea waiver. We also conclude that the assertions

relating to the allocation of the burden of proof[3] and to the impact of sec. 118.15(1)(a) on the Whites' right to the free exercise of religion raise defenses of antecedent constitutional violations and are waived under the rule set forth in *Hawkins*.

The Whites have also asserted that the criminal complaint is defective because it fails to allege compliance with certain conditions precedent to the filing of a complaint required by sec. 118.16(5), Stats., and because it does not state facts sufficient to support a legal conclusion of truancy. The Whites contend that because of these alleged defects, the trial court failed to acquire personal jurisdiction over them. In *Pillsbury v. State*, 31 Wis. 2d 87, 94, 142 N.W.2d 187, 191, (1966), our supreme court held that a guilty plea to the accusation of a crime confers personal jurisdiction upon the court. Because the Whites pled guilty, we conclude that they are precluded from challenging the trial court's personal jurisdiction over them.

The Whites have raised two additional issues that, arguably, relate to a subject matter jurisdictional defect, which cannot be waived. *Mack v. State*, 93 Wis. 2d 287, 293, 286 N.W.2d 563, 566 (1980). In challenging the sufficiency of the criminal complaint, the Whites allege the complaint fails to set forth essential elements of the

---

[3] We agree with the Whites that under the precise language of § 118.15(1)(a), Stats., the private school attendance issue is an element of the crime and is not an affirmative defense. In granting that the state's motion in limine, the trial court erred in holding that the Whites had the burden of proof on that issue.

Although a misallocation of the burden of proof involves a possible due process deprivation, such error relates to an "antecedent constitutional violation." Under *Hawkins v. State*, 26 Wis. 2d 443, 132 N.W.2d 545 (1965), this error was waived by the Whites' guilty plea.

crime charged. If a criminal complaint charges no offense known to law, or fails to allege the material elements of a crime charged, it is jurisdictionally defective and void, and the defect cannot be waived by a guilty plea. *See Mack*, 93 Wis. 2d at 295, 286 N.W.2d at 657; *Champlain v. State*, 53 Wis. 2d 751, 754, 193 N.W.2d 868, 871 (1972).

Because we conclude that the complaint does charge a legally known offense and contains all necessary elements of the crime, the trial court had subject matter jurisdiction over the matter. The complaint alleges the following facts:

(1) The Whites have a six-year-old child, Matthew, under their control;

(2) The Whites failed to cause Matthew to attend school regularly during the full period and hours, contrary to sec. 118.15 (1) (a);

(3) Matthew had enrolled in the Northland Pines District Elementary School, but only attended that school during the first quarter of the 1980–81 school year;

(4) Since November 7, 1980, Matthew has not been in school;

(5) The principal of Northland Pines District Elementary School (the complainant) talked with the Whites concerning Matthew's absence from school;

(6) The Whites informed the principal that they were teaching Matthew at home;

(7) No course of study offered by the Whites was submitted or approved by the Department of Public Instruction;

(8) Since November 7, 1980, Matthew has been truant from school.

By citing the proper statutory basis for the crime and by including factual allegations relating to the elements of the crime charged, the complaint charges a legally known offense. Although the complaint does not specifically state that the Whites failed to cause their son to attend a private school, both the inclusion of the statute that

defines the offense charged and the reasonable inferences that may be drawn from the factual allegations support a determination that the complaint alleges all material elements. Assuming the Whites' challenge to the complaint's sufficiency raises the possibility of a non-waivable jurisdictional defect, we conclude that the trial court had subject matter jurisdiction to determine the matter.

The Whites also contend that sec. 118.15(1)(a) is unconstitutionally vague. There is authority for the proposition that a constitutional challenge to a statute on vagueness grounds raises an issue of subject matter jurisdiction that cannot be waived by a guilty plea. *State ex rel. Skinkis v. Treffert,* 90 Wis. 2d 528, 539, 280 N.W. 2d 316, 321 (Ct. App. 1979). Similarly, there is language in a United States Supreme Court opinion to suggest that, at least under federal law, the preclusive effect of a guilty plea will not apply to all antecedent constitutional violations or to defects that go "to the very power of the State to bring the defendant into court to answer the charge brought against him." *Blackledge v. Perry,* 417 U.S. 21, 30 (1974). The United States Court of Appeals for the Seventh Circuit adopted this reasoning and held that a defendant's claim that he was prosecuted under an unconstitutional statute is not barred by a guilty plea because it "goes to the very power of the government to invoke criminal process against him." *United States v. Gaertner,* 583 F.2d 308, 311 (7th Cir. 1978). Our supreme court, however, has held that in Wisconsin a guilty plea waives defenses relating to antecedent constitutional violations, and the court has included statutory constitutional challenges within the scope of this waiver. *See Mack,* 93 Wis. 2d at 296, n. 2, 286 N.W.2d at 567, n. 2; *Flores v. State,* 69 Wis. 2d 509, 510, 230 N.W.2d 637, 638 (1975). Although it appears from decisions by our supreme court that the Whites' guilty plea

has waived their challenge to the facial constitutionality of sec. 118.15(1)(a), we nevertheless choose to review this issue in the interest of justice and because there are no factual issues to be resolved. *See Mack,* 93 Wis. 2d at 296–97, 286 N.W.2d at 567; *Flores,* 69 Wis. 2d at 510, 230 N.W.2d at 638.

## VAGUENESS

The Whites contend that because sec. 118.15(1)(a) does not specifically define "private school," the statute is unconstitutionally vague in violation of the fourteenth amendment to the United States Constitution.[4] In reviewing this assertion, we are mindful of the established principle that legislative enactments are presumptively constitutional, and all doubts must be resolved in favor of constitutionality. *State v. Starks,* 51 Wis. 2d 256, 259, 186 N.W.2d 245, 246 (1971).

A criminal statute is unconstitutionally vague if it fails to afford proper notice of the conduct it seeks to proscribe, or if it encourages arbitrary or erratic arrests and convictions. *City of Milwaukee v. Wilson,* 96 Wis. 2d 11, 16, 291 N.W.2d 452, 456 (1980). The standard for determining vagueness is whether the statute is so obscure that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *State v. Zwicker,* 41 Wis. 2d 497, 507, 164 N.W. 2d 512, 517 (1969). The statute need not attain mathematical precision, since a fair degree of definiteness is all that is constitutionally required. *State v. Courtney,* 74 Wis. 2d 705, 711, 247 N.W.2d 714, 718 (1976).

---

[4] The Whites did not challenge the sufficiency of the evidence that resulted in their conviction under § 118.15(1)(a) and § 118.15 (5), Stats., but instead directed their attack to the statute's facial validity.

We conclude that the lack of a precise definition of "private school" in sec. 118.15(1)(a) does not render the statute unconstitutionally vague, and the trial court did not err in denying the Whites' motion to dismiss on that basis. Section 990.01(1), Stats., relating to general rules of statutory construction, provides:

All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning.

The common and approved meaning of a word can be ascertained by reference to a recognized dictionary. *Interest of B.M.,* 101 Wis. 2d 12, 18, 303 N.W.2d 601, 605 (1981). Webster's New Collegiate Dictionary 1034 (1977) defines "school" as "an organization that provides instruction: . . . an institution for the teaching of children . . . ." The legislature has also provided a more specific definition of "private school" in sec. 121.51 (3), Stats., which states:

"Private school" means any parochial or private elementary or high school in this state offering any academic grades comparable to those described in s. 115.01 (2), including kindergarten.

Section 115.01(2), Stats., provides, in part:

Grades. The educational work of the public schools is divided into 12 grades, besides kindergarten, which are numbered from one to 12 beginning with the lowest.

The definition set forth in sec. 121.51(3) is cited again in sec. 115.34(2), Stats.

The legislature has provided that all schools must meet certain curriculum requirements set forth in sec. 118.01(1), Stats. In addition, the specific words "private school" are repeatedly used in other statutes relating to various educational and organizational requirements.

*See, e.g.,* secs. 118.01(9), 118.01(10), 118.06, 118.07, 118.09, Stats. From the definitions and requirements cited above, a "private school" must be an institution that meets prescribed curriculum and organizational requirements and that has any academic grade comparable to one included in the standard public school grade division.

The legislature has additionally adopted a "common knowledge" definition of "private school" in sec. 176.29 (1) (b), Stats:

"School" means a public, parochial or private school which provides an educational program for one or more grades between grades 1 and 12 and which is commonly known as an elementary school, middle school, junior high school, senior high school or high school.

A common usage or understanding may supply a sufficiently definite meaning to statutory language to prevent a statute from being unconstitutionally vague. *State v. Vlahos,* 50 Wis. 2d 609, 616, 184 N.W.2d 817, 820 (1971). In this case, the words "private school" are familiar and frequently used, and they lend themselves to a common knowledge or usage standard.

Because the statutes that either contain precise definitions of a "private school" or refer to a "private school" address the same general subject matter, they must be harmoniously construed. *See Muskego-Norway Consolidated Schools v. WERB,* 35 Wis. 2d 540, 556, 151 N.W. 2d 617, 625 (1967).

When all statutory provisions relating to private schools are read together and harmonized, they supply a definition of "private school" in sec. 118.15(1) (a) such that persons of ordinary intelligence need not guess the statute's meaning. Section 118.15(1) (a) is therefore sufficiently definite to afford proper notice of what conduct may fall within the purview of its prohibitions. Because we conclude that the statute is facially constitution-

al, the trial court properly denied the Whites' motion to dismiss.

*By the Court.*—Judgment affirmed.