STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy WHITE, and Kathy White,
Defendants-Appellants-Petitioners.

Supreme Court

*No. 81–1895–CR. Submitted on briefs March 2, 1983.—
Decided April 26, 1983.*

(Also reported in 332 N.W.2d 756.)

For the petitioners the cause was submitted on the brief of *Ralph W. Koopman,* Eagle River.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Daniel D. Stier,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J.    This is a review of a decision of the court of appeals, *State v. White,* 109 Wis. 2d 64, 325 N.W.2d 76 (Ct. App. 1982), affirming a judgment of conviction of the circuit court for Vilas county, Timothy L. Vocke, Circuit Judge.  The defendants were convicted of violating Wisconsin's compulsory school attendance law, sec. 118.15(1)(a), Stats. 1981–82, for

not causing their minor child to attend public or private school regularly.

The defendants present two issues for review. They argue, first, that their guilty pleas do not waive their right to appeal all legal rulings decided adversely to them, since the pleas were premised upon the parties' agreement, in which the circuit court acquiesced, that the defendants reserved their appellate rights. They further argue that their convictions are invalid because sec. 118.15(1)(a), Stats. 1981–82, is unconstitutionally vague.

The first issue in this review is governed by *State v. Riekkoff*, 112 Wis. 2d 119, 332 N.W.2d 744 (1983), and the second by *State v. Popanz*, 112 Wis. 2d 166, 332 N.W. 2d 750 (1983), both decided today.

In *Riekkoff* we held that conditional guilty pleas are not to be accepted and will not be given effect except as provided by statute. We did not conclude that a voluntary guilty plea waives all defects except those relating to subject matter jurisdiction, and we did not determine the exact boundaries of the general rule that a voluntary entry of a guilty plea waives the right to raise on appeal nonjurisdictional issues.

Whether we view these defendants' challenge to the statute's constitutionality as an issue properly preserved for appellate review as of right or as an issue which this court may review in its discretion, or whether we view the defendants' guilty pleas as being neither knowing nor voluntary, the result in this case is the same. If the challenge to the statute's constitutionality is a "jurisdictional" issue, properly preserved for appeal, this court would, on consideration of the merits, order the complaint dismissed, because in *Popanz* we held sec. 118.15 (1)(a) unconstitutional as impermissibly vague as applied to prosecutions involving private schools. If the challenge to the statute's constitutionality is not jurisdictional, we would review the issue as a matter of discretion because of our holding in *Popanz*. If we did not

review the merits of the substantive issue, we would hold the defendants' guilty pleas based on an erroneous understanding of their legal rights was neither knowing nor voluntary, and we would remand, giving the defendants the option to withdraw their pleas. The defendants would, of course, exercise that option because of *Popanz*.

Accordingly we reverse the decision of the court of appeals, reverse the judgment of the circuit court, and remand the cause to the circuit court to dismiss the complaint.

*By the Court.*—Decision of the court of appeals reversed; judgment of the circuit court reversed; cause remanded to the circuit court to dismiss the complaint.