STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles Dante HIGGS, a/k/a Charles Ware, Defendant-Appellant.†

Court of Appeals

*No. 98–1811–CR. Submitted on briefs May 11, 1999.—Decided August 10, 1999.*

(Also reported in 601 N.W.2d 653.)

†Petition to review denied.

1

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Joseph E. Redding* of *Glojek Limited*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *E. Michael McCann*, district attorney, and *Thomas L. Potter*, assistant district attorney, and on the supplemental brief of *James E. Doyle*, attorney general, and *David J. Becker*, assistant attorney general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

CURLEY, J. Charles Dante Higgs appeals from a judgment of conviction finding him guilty of misdemeanor battery and from an order denying his postconviction motion. Higgs contends that the criminal complaint, which charged him originally with battery to a prisoner and was later used as a factual basis for his plea of no contest to the reduced charge of misdemeanor battery, was deficient.[1] He argues that the complaint stated no facts to support the conclusion that his throwing a cup of urine directly into another prisoner's face impaired the victim's physical condition. Higgs argues that since the complaint lacks factual support for the statement that the victim's physical condition was impaired, the element of "bodily harm" is missing from the complaint. Higgs seeks either dismissal of the original charge or, in the alternative, the right to withdraw his no contest plea to the lesser charge of misdemeanor battery.

We conclude that because Higgs pled no contest, he waived his right to challenge all non-jurisdictional

---

[1] Higgs entered a no contest plea but the judgment of conviction incorrectly states that he pled guilty. The trial court is instructed to correct this error.

3

defects in the complaint. However, Higgs's challenge to the complaint, based upon its use as a factual basis for the no contest plea to misdemeanor battery, is not waived by his plea. Although we agree that the complaint as written is deficient, our review of the entire record reveals a factual basis for the crime of misdemeanor battery, because the victim's preliminary hearing testimony that the thrown urine went into his eyes and caused a burning and stinging sensation supplies the missing "bodily harm" element. Consequently, the trial court properly exercised its discretion in denying Higgs's postconviction motion and we affirm.[2]

## I. BACKGROUND.

Higgs was an inmate at the Milwaukee County Jail. At the same time, another prisoner, Steven Russo, was acting as a trustee and was distributing coffee to the inmates. The two men began arguing over whether Higgs was entitled to another styrofoam cup. After refusing to give Higgs the requested coffee, Russo walked away from Higgs's cell. When he returned and passed by Higgs's cell, Higgs threw a cup of urine at Russo. Higgs was originally charged with battery by a prisoner, a felony, contrary to § 940.20(1), STATS. The complaint recites the following factual underpinnings:

> Upon the statement of Steven Russo, on Friday, July 11, 1997, at about 7:25 A.M., he was working in the Safety Building jail (5-E), 821 West State Street, Milwaukee, as an inmate-worker with Daniel Springston, another inmate-worker. Russo states that he and Springston were pouring coffee

---

[2] This was a one-judge appeal that was converted to a three-judge panel pursuant to § 752.31(3), STATS.

for the inmates in the 5-E cell block when defendant, an inmate in that cell block, refused to give up one of his empty styrofoam cups, and was therefore denied coffee in accordance with the jail policy that Russo and Springston were required to enforce. Defendant became angry, and threatened, "I'm gonna "gas" you (meaning throw urine) the next time you pass my cell, you punk motherfuckers!" Minutes later, when Springston and Russo walked past defendant's cell (number 83) he threw a cup full of urine directly at them, striking Russo directly in the face, and also getting urine on Springston, without either's consent, causing impairment of each man's physical condition.

Although the complaint makes no mention of the victim experiencing pain as a result of the incident, at the preliminary hearing, the victim testified that the urine got into his eyes, nose and mouth, and that he experienced a burning and stinging sensation in his eyes.

At his initial appearance, Higgs argued that the charge should be dismissed because the complaint did not state sufficient facts to support the "bodily harm to another" element of the crime of battery by a prisoner. Higgs argues that simply throwing urine which strikes another in the face, without more, did not impair the victim's physical condition and, therefore, the complaint was deficient. This motion for dismissal was denied. After the preliminary hearing was held and Higgs was bound over for trial, a motion challenging the sufficiency of the preliminary hearing was filed. Higgs argued that the element of "bodily harm" had not been proven at the preliminary hearing because urine entering the eyes, nose and mouth of the victim did not fulfill the legal requirement of "bodily harm." This motion, too, was denied.

5

Later, the State amended the charge against Higgs to misdemeanor battery, contrary to § 940.19(1), STATS., in exchange for Higgs's no contest plea and his promise to take a blood test to determine whether Higgs had a communicable disease to which Russo might have been exposed as a result of this incident. In accepting Higgs's plea of no contest, the trial court used the original complaint, charging Higgs with battery to a prisoner, as the factual basis for the charge of misdemeanor battery. Higgs was found guilty and received a nine-month sentence, consecutive to another sentence he was serving at the time of the incident.

Following his sentence, Higgs filed a postconviction motion seeking to withdraw his no contest plea. He argued that a manifest injustice occurred requiring the withdrawal of his plea of no contest because the plea lacked a sufficient factual basis. The reviewing trial court denied his motion, finding that the preliminary hearing testimony, in which the victim stated he suffered a burning and stinging of his eyes, provided support for the element of bodily harm. This appeal follows.

## II. ANALYSIS.

Higgs challenges the finding made at his initial appearance that the complaint contained "probable cause" that he committed the felony charge of battery by a prisoner. He also claims his postconviction motion hearing should have been granted both because the complaint was deficient for failing to contain facts supporting the "bodily harm" element, and because the victim's preliminary hearing testimony did not supply the necessary facts to establish the element of "bodily

6

harm."[3] He maintains that the criminal charge of battery by prisoner should be dismissed because the complaint lacks sufficient factual basis to determine "probable cause" and the trial court never obtained personal jurisdiction over him. In the alternative, he argues he should be permitted to withdraw his plea of no contest to the lesser charge of misdemeanor battery because there was an insufficient factual basis to support the amended charge. He argues that there is an insufficient factual basis to support one of the elements of the charge and, as a result, the complaint is faulty, constituting a manifest injustice requiring the withdrawal of his plea. Higgs believes that the failure to present a sufficient factual basis at the time of his no contest plea results in the court having no subject matter jurisdiction.

The State urges us to find that Higgs, by pleading no contest, waived his right to raise either issue: the lack of probable cause or the lack of a sufficient factual basis.[4] The State also disputes Higgs's argument that the trial court failed to acquire personal and subject matter jurisdiction over him. As authority for its positions, the State cites *State v. White*, 109 Wis. 2d 64, 325 N.W.2d 76 (Ct. App. 1982), *reversed on other grounds*,

---

[3] Higgs concedes that he waived his challenge to the sufficiency of the preliminary hearing by entering a plea of no contest.

[4] It should be noted that while the brief filed by the attorney general raises the issue of waiver, the original brief was filed by a member of the Milwaukee County District Attorney's Office and that brief did not raise the waiver issue. Instead, the brief submitted by the district attorney contained a statement that if Higgs's action did not constitute the element of "bodily harm" then "his conviction for misdemeanor Battery must be overturned."

112 Wis. 2d 178, 332 N.W.2d 756 (1983), and *State v. West*, 214 Wis. 2d 468, 571 N.W.2d 196 (Ct. App. 1997). The State also suggests that if we entertain Higgs's argument that there was not a sufficient factual basis in the record for the no contest plea, we should, pursuant to *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), examine the entire record to determine whether a factual basis for the plea exists. The State presents two arguments. The first is that the urine did impair the victim's physical condition, thus causing bodily harm. Alternatively, the State argues that the victim's preliminary hearing testimony supplies the factual basis for the element of bodily harm.

 We determine that Higgs, by pleading no contest, has waived his right to argue that the complaint does not state probable cause. However, his argument attacking the complaint's use as a factual basis for the negotiated charge survives his no contest plea. Although we agree that the complaint is defective because it fails to allege a factual support for the bodily harm element (an element of both battery by a prisoner and misdemeanor battery), our review of the entire record reveals that the victim's preliminary hearing testimony supplies sufficient factual support for the bodily harm element and, thus, a factual basis for the charge of misdemeanor battery existed.

A. Higgs's personal jurisdiction argument is
 waived by his plea of no contest.

 Higgs argues that the original criminal charge should be dismissed because the complaint lacks probable cause and, therefore, the trial court never obtained personal jurisdiction over him. We conclude

that by entering a no contest plea, Higgs waived his right to challenge personal jurisdiction.

In both *White* and *West*, this court concluded that a challenge to personal jurisdiction is waived by a plea of guilty.

> The Whites contend that because of these alleged defects, the trial court failed to acquire personal jurisdiction over them. In *Pillsbury v. State*, 31 Wis. 2d 87, 94, 142 N.W.2d 187, 191 (1966), our supreme court held that a guilty plea to the accusation of a crime confers personal jurisdiction upon the court. Because the Whites pled guilty, we conclude that they are precluded from challenging the trial court's personal jurisdiction over them.

*White*, 109 Wis. 2d at 69, 325 N.W.2d at 79. In *West*, this same challenge was again rebuffed. "[W]e conclude that West is . . . challenging the trial court's personal jurisdiction. But by pleading guilty, West has waived his right to object to personal jurisdiction on appeal." *West*, 214 Wis. 2d at 483, 571 N.W.2d at 202. A plea of no contest is the functional equivalent of a plea of guilty. *See Bangert*, 131 Wis. 2d at 293, 389 N.W.2d at 34. Thus, Higgs has lost his right to challenge personal jurisdiction.

B. <u>An insufficient factual basis for the crime of misdemeanor battery at the time of a no contest plea survives a no contest plea.</u>

We do, however, agree with Higgs's contention that a claim of an insufficient factual basis for the crime of misdemeanor battery survives a no contest plea and can be raised in a postconviction motion for

9

plea withdrawal. Section 971.08(1)(b), STATS.,[5] directs that before accepting a guilty plea or a plea of no contest, the trial court must ascertain "that the defendant in fact committed the crime charged." Here, the trial court elected to use the complaint as a factual basis for the amended charge of misdemeanor battery. Our holding in *West* supports Higgs's contention that a factual basis that does not establish all of the elements of a crime is not waived by a plea of no contest. As we explained, "A trial court's failure to establish a factual basis for the defendant's plea is evidence that a manifest injustice has occurred, warranting withdrawal of the plea." *West*, 214 Wis. 2d at 474, 571 N.W.2d at 198. "Therefore, there was no. factual basis to support West's plea and . . . we reverse the judgment of conviction and remand the matter to the trial court with directions to allow West to withdraw his plea." *West*, 214 Wis. 2d at 471, 571 N.W.2d at 197.

After a sentence has been imposed, "a defendant who seeks to withdraw a guilty or *nolo contendere* plea carries the heavy burden of establishing, by clear and convincing evidence, that the trial court should permit the defendant to withdraw the plea to correct a 'manifest injustice.' " *State v. Washington*, 176 Wis. 2d 205, 213, 500 N.W.2d 331, 335 (Ct. App. 1993). Withdrawal of a plea following sentencing is not allowed unless it is necessary to correct a manifest injustice. *See State v. Rock*, 92 Wis. 2d 554, 558–59, 285 N.W.2d 739, 741–42 (1979). If Higgs should succeed in his argument that no factual basis for the crime existed at the time of his no contest plea, he will have satisfied the manifest injus-

---

[5] Section 971.08(1)(b), STATS., provides: "**(1)** Before the court accepts a plea of guilty or no contest, it shall do all of the following: . . . (b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged."

tice requirement. Thus, Higgs is entitled to raise this issue on appeal.

A determination of the existence of a sufficient factual basis lies within the trial court's discretion and will not be overturned unless it is contrary to the great weight and clear preponderance of the evidence. *See Broadie v. State*, 68 Wis. 2d 420, 423, 228 N.W.2d 687, 689 (1975). Consequently, we examine the record to see if the trial court properly exercised its discretion in denying Higgs's motion to withdraw.

C. The complaint is not sufficient to support a charge of misdemeanor battery.

The crime of misdemeanor battery, found in § 940.19(1), STATS., reads: "Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor." The definition of "bodily harm" is found in § 939.22(4), STATS.: "Bodily harm" is "physical pain or injury, illness, or any impairment of physical condition."

Higgs contends that neither the complaint nor the preliminary hearing testimony supports the required "bodily harm" element of the crime of battery. Higgs argues that since the trial court relied on the complaint as a factual basis, and the complaint is missing the element of bodily harm, that the charge should have been dismissed or that he should have been allowed to withdraw his plea.

Higgs admits in his brief that his conduct was offensive. At the postconviction motion hearing, he even suggested that his conduct might violate the disorderly conduct statute. However, he steadfastly maintains that he did not commit a battery because

11

notably absent from the complaint is any allegation to support the element of bodily harm. As the defendant argues:

> Factual detail is essential for the validity of a complaint. "[T]here must be facts in the written complaint which are themselves sufficient or give rise to reasonable inferences which are sufficient to establish probable cause." *State ex rel. Evanow v. Seraphim*, 40 Wis. 2d 223, 226, 161 N.W.2d 369, 370 (1968).

The complaint, except to say that the urine thrown by Higgs, striking Russo in the face, impaired Russo's physical condition, was silent as to whether the victim suffered bodily harm. Higgs contends that thrown urine which strikes another in the face, without more, does not support the allegation that Russo's physical condition was impaired.

The State posits that the element of "bodily harm" can be found in the complaint. The State argues that thrown urine which strikes another in the face impairs the physical condition of the victim. We reject this theory. Although there are instances when urine thrown at another which strikes the victim might result in an impairment of a victim's physical condition, this complaint states too few facts or reasonable inferences for us to conclude that Russo's physical condition was impaired. In fact, the complaint fails to recite any facts that would support the allegation that Russo's physical condition was impaired by the urine.

The phrase "impairment of physical condition" is not defined in the statutes. However, WEBSTER'S 9TH NEW COLLEGIATE DICTIONARY 603 (1991), defines "impair" to mean "to damage or make worse by or as if by diminishing in some material respect." Here the complaint fails to state that Russo's physical condition

was "damaged" by the urine thrown at him, nor does it state facts indicating that his physical condition was "diminished in some material respect." We reject the interpretation suggested by the State because it would criminalize too broad a range of human conduct.

 D. <u>The victim's preliminary hearing testimony supplies the missing factual basis to satisfy the "bodily harm" element.</u>

We are, however, persuaded by the State's alternative argument that the victim's preliminary hearing testimony fulfilled the missing "bodily harm" element. Higgs disagrees. Higgs asserts that even if the victim's preliminary hearing testimony is considered, it did not establish the element of "bodily harm" because not only was there no showing of an impairment of the victim's physical condition, but also the testimony produced no factual underpinnings to support a finding that the victim suffered physical pain, injury, or illness.

The victim testified that Higgs's action—throwing a cup of urine at him which entered his eyes—caused a burning and stinging sensation. We conclude these facts fall within the dictionary definition of "pain," and, consequently, satisfies the element of "bodily harm." As a result, we determine that the trial court properly exercised its discretion in finding that Higgs failed to prove that a manifest injustice had occurred when his plea of no contest was entered.

Although there is no Wisconsin case that addresses the question of whether thrown urine which strikes another in the face can constitute a battery, we are satisfied that Higgs's actions constituted a battery. We reach this conclusion by examining the dictionary definition of "pain." Like the reviewing trial court, we review the entire record to see if a factual basis exists

for the crime of battery. *See Bangert*, 131 Wis. 2d at 273–74, 389 N.W.2d at 26. *Bangert* announced:

> We believe, in light of the remedy for a violation of [Section] 971.08(1) that this court now proposes, that it is inappropriate to restrict a reviewing court to the plea hearing transcript to determine the voluntariness of a plea on a motion to withdraw under [Section] 974.02. We therefore overrule the part of *Cecchini* which held that a reviewing court may look only to the plea hearing transcript to determine the defendant's understanding of the nature of the offense and, consequently, the voluntariness of the plea. We implement a new approach which serves as a remedy for both a violation of [Section] 971.08 and the mandatory procedures we now require.

*Id.* Our review reveals that a factual basis existed for Higgs's no contest plea because the victim's preliminary hearing testimony established that he suffered pain when the urine entered his eyes, causing a burning and stinging sensation.

"Pain" has been defined, in part, in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 1621 (1993) as: "a state of physical or mental lack of well-being or physical or mental uneasiness that ranges from mild discomfort or dull distress to acute often unbearable agony, may be generalized or localized." Under this definition, we determine that a burning and stinging sensation in one's eyes caused by contact with urine falls within the scope of "pain," as Higgs's actions caused a "localized" "physical lack of well-being" or "physical uneasiness" that, at the very least, qualified as "mild discomfort." Thus, the element of "bodily harm" is established.

In reaching our conclusion, we were also persuaded by an Illinois case that held that the throwing of urine at another constituted an aggravated battery. The facts of *People v. Walker*, 683 N.E.2d 1296, 291 Ill. App.3d 597 (Ill. App. Ct. 1997), are almost identical to those here. Walker, a prisoner, threw what two jail employees believed to be urine at them. The appellate court found this act sufficient to support the prisoner's conviction for aggravated battery under the Illinois statute.[6]

Further support for our conclusion can be extrapolated from another case. In *State v. Dawson*, 985 S.W.2d 941 (Mo. Ct. App. 1999), the reviewing court found that putting semen in a fellow worker's cup, the contents of which were then consumed by the victim, constituted an assault in the third degree under Missouri law.[7] While the facts in *Dawson*, which

---

[6] Although Illinois's aggravated battery statute does not contain the identical elements of the Wisconsin misdemeanor battery statute, we find the case persuasive because Walker's actions, similar to Higgs's, formed the basis for a conviction of a more serious offense, aggravated battery.

[7] The elements of an assault in the third degree are:

(1) The person attempts to cause or recklessly causes physical injury to another person; or

(2) With criminal negligence the person causes physical injury to another person by means of a deadly weapon; or

(3) The person purposely places another person in apprehension of immediate physical injury; or

(4) The person recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or

(5) The person knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative; or

(6) The person knowingly causes physical contact with an incapacitated person, as defined in section 475.010, RSMo, which a

constituted an assault in the third degree, consisted of the victim unknowingly swallowing the offending substance, in the instant case the offending substance was immediately known to the victim when it entered his eyes and mouth. In each case, the offending substance entered the victim's body.

█

Thus, we conclude that the act of throwing urine which strikes another and causes pain constitutes a battery. Consequently, we determine that Higgs's request to withdraw his no contest plea was properly denied. Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.

reasonable person, who is not incapacitated, would consider offensive or provocative.

2. Except as provided in subsections 3 and 4 of this section, assault in the third degree is a class A misdemeanor.

3. A person who violates the provisions of subdivision (3) or (5) of subsection 1 of this section is guilty of a class C misdemeanor.

4. A person who has plead [sic] guilty to or been found guilty of the crime of assault in the third degree more than two times against any family or household member as defined in section 455.010, RSMo, is guilty of a class D felony for the third or any subsequent commission of the crime of assault in the third degree when a class A misdemeanor. The offenses described in this subsection may be against the same family or household member or against different family or household members.