In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3048

ROBERT YATES,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 16-cv-207-bbc — **Barbara B. Crabb**, *Judge*.

ARGUED NOVEMBER 29, 2016 — DECIDED DECEMBER 2, 2016

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Thirteen years ago, Robert Yates was sentenced as an armed career criminal under 18 U.S.C. §924(e). The district court concluded that he had six qualifying prior convictions; the statute provides that three or more require an enhanced sentence. After the Supreme Court held in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), that the "residual clause" in §924(e)(2)(B)(ii) is unconstitutionally vague, and made that decision retroactive,

*Welch v. United States*, 136 S. Ct. 1257 (2016), Yates filed this collateral attack. He contends that after *Samuel Johnson* only two qualifying convictions remain, so that 28 U.S.C. §2255(f)(3) restarts the time for collateral review. The prosecutor concedes that the petition is timely and that *Samuel Johnson* knocks out three of the six convictions but maintains that Yates's conviction of battery by a prisoner, in violation of Wis. Stat. §940.20(1), qualifies as a violent felony under the "elements clause" of §924(e)(2)(B)(i) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another". *Samuel Johnson* does not affect the elements clause of §924(e). See, e.g., *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016). The district court agreed with the prosecutor and dismissed this proceeding. 2016 U.S. Dist. Lᴇxɪs 79058 (W.D. Wis. June 17, 2016).

Under *Taylor v. United States*, 495 U.S. 575 (1990), and its successors, such as *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), a court must determine whether a conviction satisfies §924(e) or a similar recidivist statute by looking at the elements of the crime, no matter what the accused did in fact. We do not know what he did that led to the battery conviction, but the Supreme Court has held that the facts do not matter—indeed that we are usually forbidden to know. See *Shepard v. United States*, 544 U.S. 13 (2005). The elements of the offense, not the facts of the crime, control. And the elements that matter are those applicable when the person committed the earlier offense. The elements of Wis. Stat. §940.20(1) and associated provisions have changed since Yates's conviction for battery by a prisoner, so like the district court we refer to the state law in force at the time of his conviction.

Yates maintains that Wisconsin law did not make "the use, attempted use, or threatened use of physical force against the person of another" an element of the crime, given how the Supreme Court understood "force" in *Curtis Johnson v. United States*, 559 U.S. 133 (2010). The Florida offense at issue in *Curtis Johnson* prohibited "actually and intentionally touching" another person without consent and causing alarm or offense—a form of simple battery. Under that statute throwing a Nerf ball at someone who was hit and became frightened could be penalized. The Court held that such acts do not entail the use of "force" within the meaning of §924(e)(2)(B)(i) even though the impact of a Nerf ball conveys some "force" according to the laws of physics. *Curtis Johnson* stated that the sort of "force" that comes within the elements clause is "force capable of causing physical pain or injury to another person." 559 U.S. at 140. Yates tells us that Wisconsin's battery-by-prisoner statute does not (well, did not) require the prosecutor to demonstrate that sort of force.

The statute on the books at the time provided:

> Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employee, visitor or another inmate of such prison or institution, without his or her consent, is guilty of a Class D felony.

And Wis. Stat. §939.22(4) added that bodily harm means "physical pain or injury, illness, or any impairment of physical condition". That definition tracks what *Curtis Johnson* said would suffice: "force capable of causing physical pain or injury to another person." This led the district court to hold that Yates's battery conviction satisfies the elements clause of §924(e).

Yates asks us not to take the statutory language at face value—because, he says, the state judiciary does not. He relies principally on *State v. Higgs*, 230 Wis. 2d 1 (App. 1999), which affirmed a conviction under this statute of a prisoner who threw a cup of urine at a guard. Yet the ground on which the court sustained this conviction—that the urine had *in fact* caused pain to the guard when it got into his eyes and nose—comes within the language of *Curtis Johnson*, which said that it is enough if the force is "capable of" causing pain. Yates has not identified any case in which Wisconsin's judiciary affirmed a battery-by-prisoner conviction that penalized acts that caused neither pain nor injury. This state law therefore categorically is a crime of violence under the elements clause, and Yates was properly sentenced as a career criminal.

AFFIRMED