# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3458
_____

Patrick Allen Jones

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 12, 2017
Filed: August 29, 2017

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

In 1998, Patrick Jones was convicted of battery of a law enforcement officer pursuant to Wisconsin Statute § 940.20(2) (1998).[1]  In 2004, Jones pleaded guilty to one count of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g).

_____

[1] All the court's references to Wisconsin's battery statute are to the 1998 version under which Jones was convicted.

He was sentenced under the Armed Career Criminal Act (ACCA) based on the court's finding that Jones had been convicted of multiple prior violent felonies, including his 1998 Wisconsin conviction for battery of a law enforcement officer.

In 2015, Jones filed a motion under 28 U.S.C. § 2255 to vacate or correct his sentence following Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the ACCA's "residual clause."[2] Id. at 2551; Welch v. United States, 136 S. Ct. 1257, 1264–68 (2016) (holding that Johnson is retroactive in cases on collateral review). Jones argued that many of his prior convictions were not violent felonies after Johnson, and thus that he should be resentenced without the ACCA enhancement. The government argued that even after Johnson, Jones still had four qualifying violent felonies under the ACCA's remaining clauses, see 18 U.S.C. §§ 924(e)(2)(B)(i) (force clause) & (ii) (enumerated crimes clause), and therefore was not entitled to resentencing. The district court[3] denied Jones' § 2255 petition, finding that Jones had three prior convictions for violent felonies, including two burglary convictions—which qualified as violent felonies under the enumerated crimes clause[4]—and one battery conviction pursuant to Wisconsin Statute § 940.20(2)—which qualified under the force clause. The district court issued a certificate of appealability on the question of whether a conviction for battery of a law enforcement officer in Wisconsin constitutes a violent felony, and Jones timely appealed the denial of his § 2255 petition on that basis.

---

[2]The residual clause brought crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another" within the ACCA's definition of violent felony. 18 U.S.C. § 924(e)(2)(B)(ii) (2015). The Supreme Court invalidated the clause as unconstitutionally vague. Johnson, 135 S. Ct. at 2557–58.

[3]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

[4]Jones does not challenge the determination that his burglary convictions qualify as violent felonies.

We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo the district court's determination that a Wisconsin conviction for battery of a law enforcement officer is a violent felony. See United States v. Schaffer, 818 F.3d 796, 798 (8th Cir. 2016).

The ACCA mandates a 15-year minimum sentence for any defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) who has three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). Under the ACCA's force clause, a crime is a violent felony if it is "punishable by imprisonment for a term exceeding one year" and "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "[P]hysical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States (Curtis Johnson), 559 U.S. 133, 140 (2010). Physical force "might consist, for example, of only that degree of force necessary to inflict pain—a slap in the face, for example." Id. at 143.

The question here is whether a conviction for battery of a law enforcement officer under Wisconsin Statute § 940.20(2) "*necessarily* involve[s] the 'use, attempted use, or threatened use of physical force against the person of another.'" United States v. Ossana, 638 F.3d 895, 900 (8th Cir. 2011) (quoting USSG § 4B1.2(a)(1)). In answering this question, we look to only the elements of the crime at issue, and "[h]ow a given defendant actually perpetrated the crime—what we have referred to as the underlying facts or means of commission—makes no difference." Mathis v. United States, 136 S. Ct. 2243, 2251 (2016) (internal quotation and citation omitted); see also Yates v. United States, 842 F.3d 1051, 1052 (7th Cir. 2016). Section 940.20(2) reads:

> BATTERY TO LAW ENFORCEMENT OFFICERS AND FIRE FIGHTERS. Whoever intentionally causes bodily harm to a law enforcement officer or fire fighter . . . acting in an official capacity and the

-3-

person knows or has reason to know that the victim is a law enforcement officer or fire fighter, by an act done without the consent of the person so injured, is guilty of a class D felony.

Wis. Stat. § 940.20(2). The parties do not appear to dispute that § 940.20(2) is indivisible and therefore subject to the categorical approach. See Mathis, 136 S. Ct. at 2249, 2253 (statute that "enumerates various factual means of committing a single element," rather than "one that lists multiple elements disjunctively," is indivisible and therefore subject to the categorical approach).

In Wisconsin, "bodily harm" is defined as "physical pain or injury, illness, or any impairment of physical condition." Wis. Stat. § 939.22(4). Jones argues that the range of conduct capable of causing "bodily harm" under this statutory definition encompasses conduct that falls short of "violent force" as defined by Curtis Johnson. In determining whether a conviction under Wisconsin Statute § 940.20(2) constitutes a crime of violence, we must consider not just the language of the relevant statutes, but Wisconsin courts' application of those statutes. See Curtis Johnson, 559 U.S. at 138. If Wisconsin interprets § 940.20(2) to criminalize conduct that does not amount to violent force, then a conviction for battery of a law enforcement officer in Wisconsin is not categorically a violent felony for purposes of the ACCA. See id. at 138–43; United States v. Eason, 829 F.3d 633, 641–42 (8th Cir. 2016).

Though Jones is correct that Wisconsin's statute may be interpreted as defining "bodily harm" broadly, Jones has not identified, and we have not found, a case in which a Wisconsin court affirmed a conviction under § 940.20(2) based on conduct that fails to rise to the level required by Curtis Johnson. Instead, Wisconsin courts have consistently interpreted the statute to require violent force akin to a slap in the face. See State v. Rowan, 814 N.W.2d 854, 856 (Wis. 2012) (defendant resisted a police officer who tried to restrain her and seriously injured the officer's hand); State v. Helnik, 177 N.W.2d 881, 882 (Wis. 1970) (defendant struck an officer in the face

-4-

and attempted to free himself, and later bit another officer); State v. Doerr, 599 N.W.2d 897, 899 (Wis. Ct. App. 1999) (defendant kicked officer in the shin); see Warrichaiet v. Jansen, 441 F. Supp. 2d 989, 992 (E.D. Wis. 2006) (defendant punched officer in the eye and tried to break away).

In arguing that § 940.20(2) criminalizes conduct falling short of violent force, Jones relies primarily on State v. Higgs, 601 N.W.2d 653 (Wis. Ct. App. 1999).  In Higgs, the defendant threw urine on an officer that "*in fact* caused pain to the guard when it got into his eyes and nose." Yates, 842 F.3d at 1053 (discussing Higgs, 601 N.W.2d at 658–59).  As noted by the Seventh Circuit, conduct resulting in the actual infliction of pain necessarily "comes within the language of Curtis Johnson, which said that it is enough if the force is 'capable of' causing pain." Id.  Higgs therefore does not establish that conduct less than violent force is sufficient to sustain a conviction under Wisconsin Statute § 940.20(2).

Finally, Jones argues that, because the statutory definition of bodily harm includes "illness," a person could be convicted under § 940.20(2) merely for attempting to give an officer a cold.  However, as discussed above, Wisconsin cases provide no realistic basis to conclude that courts would find such low-level conduct sufficient to support a conviction under the statute.  See United States v. Bell, 840 F.3d 963, 966 (8th Cir. 2016) ("Although the 'theoretical possibility' that a state may apply its statute to conduct falling short of violent force is not enough to disqualify a conviction, a 'realistic probability' will suffice.").  The simple fact that the word "illness" is included in the definition of bodily harm is insufficient to render the statute overbroad.  See Yates, 842 F.3d at 1052–53.

The judgment of the district court is affirmed.

_____