**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RONALD DETRO WINDER,

     Defendant - Appellant.

No. 17-8075

_____

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 1:17-CR-00057-ABJ-1)**
_____

John C. Arceci, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Jason M. Conder, Assistant United States Attorney (Mark A. Klaassan, United States Attorney, with him on the briefs), Lander, Wyoming, for Plaintiff-Appellee.
_____

Before **HARTZ**, **MORITZ**, and **EID**, Circuit Judges.
_____

**HARTZ**, Circuit Judge.
_____

Defendant Ronald Detro Winder is serving a three-year prison sentence for possession of firearms by a convicted felon. *See* 18 U.S.C. § 922(g)(1). He appeals his sentence, arguing that the district court erred by concluding that his prior conviction in Wyoming for felony interference with a peace officer in 2012, *see* Wyo. Stat. Ann. § 6–

5–204(b) (2012), was a crime of violence under § 4B1.2(a)(1) (2016) of the United States Sentencing Guidelines. Our review is de novo. *See United States v. Ontiveros*, 875 F.3d 533, 535 (10th Cir. 2017). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The Sentencing Guidelines define *crime of violence* to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of *physical force* against the person of another." USSG § 4B1.2(a)(1) (emphasis added). This provision is commonly referred to as the "elements clause." *See, e.g.*, *United States v. Ash*, 917 F.3d 1238, 1240 (2019). The Armed Career Criminal Act (ACCA) uses almost identical language in defining *violent felony*. *See* 18 U.S.C. § 924(e)(2)(B) (defining *violent felony* to include "any crime punishable by imprisonment for a term exceeding one year, . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another"). We therefore may consider our precedents construing the ACCA's definition of *violent felony* when assessing whether a conviction fits the guidelines definition of a *crime of violence*. *See Ontiveros*, 875 F.3d at 538 n.4; *United States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010) ("[T]he nearly identical language in those two provisions allows us to consider precedent involving one in construing the other.").

To determine whether a defendant's prior conviction was for a crime of violence (or violent felony) under the elements clause, we apply the categorical approach. *See Ash*, 917 F.3d at 1240. That is, we do not examine the facts of the prior offense to see whether they fit the guidelines (or statutory) definition. *See Ontiveros*, 875 F.3d at 535. Rather, we focus on the elements of the offense of conviction. *See id.*

In this case, therefore, the task before us is to assess whether Wyo. Stat. Ann. § 6–5–204(b) "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). Federal law defines the meaning of the phrase "use . . . of physical force" under USSG § 4B1.2(a)(1), whereas state law defines the elements of the state crime at issue. *See United States v. Bong*, 913 F.3d 1252, 1260 (10th Cir. 2019).

The Supreme Court has held that the term *physical force* in the elements clause "refers to force exerted by and through concrete bodies," as opposed to, "for example, intellectual or emotional force." *Johnson v. United States*, 559 U.S. 133, 138 (2010). Such "physical force" requires more than mere offensive touching; it means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140. But this force does not need to be particularly strong or likely to cause pain or injury. *See Stokeling v. United States*, 139 S. Ct. 544, 554 (2019) ("*Johnson* . . . does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality."). For example, the minor degree of "force necessary to overcome a victim's physical resistance" is inherently "capable of causing physical pain or injury" and thus constitutes "violent" force. *Id.* at 553 (internal quotation marks omitted). Further, "violent force" can be applied indirectly, such as through poison or even through physically harmful neglect. *See Ontiveros*, 875 F.3d at 537–38.

In determining whether a state statute satisfies the violent-force requirement, we look to "the words of the statute and judicial interpretations of it." *McConnell*, 605 F.3d

at 825 (internal quotation marks omitted). "[W]e must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the [guidelines definition]." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (brackets and internal quotation marks omitted). But we also need to be mindful that "our focus on the minimum conduct criminalized by the state statute is not an invitation to apply legal imagination to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the [guidelines] definition." *Id.* at 191 (internal quotation marks omitted).

In our view, § 6–5–204(b) is a violent felony within the meaning of the guidelines. The statute states:

> A person who *intentionally and knowingly causes or attempts to cause bodily injury* to a peace officer engaged in the lawful performance of his official duties is guilty of a felony punishable by imprisonment for not more than ten (10) years.

Wyo. Stat. Ann. § 6–5–204(b) (emphasis added). At the time of Defendant's offense, *bodily injury* was defined to mean "physical pain, illness or any impairment of physical condition." *Id*. § 6–1–104(a)(i) (2012).

Defendant's sole argument on appeal is that the phrase "any impairment of physical condition" makes Wyoming's definition of *bodily injury* broad enough to reach conduct that does not involve force "capable of causing physical pain or injury."

*Stokeling*, 139 S. Ct. at 553 (internal quotation marks omitted). [1,2] He provides several hypothetical examples of such conduct: shining a light in an officer's eyes during a nighttime foot chase, setting off a stink bomb to cover up the smell of marijuana, and giving an officer a sleeping pill to cause him to lose consciousness.

The Supreme Court has not specified what it means by the word *injury* in its description of *violent force* as "force capable of causing physical pain or *injury*," *id.* at 553 (emphasis added) (internal quotation marks omitted); and no Wyoming statute or judicial decision defines the phrase *any impairment of physical condition* in § 6–1–104(a)(i). We therefore turn to dictionaries for guidance on whether the term *impairment of physical condition* sweeps more broadly than physical *injury*.

Black's Law Dictionary defines *impairment* as "[t]he quality, state, or condition of being damaged, weakened, or diminished <impairment of collateral>; specif., a condition in which a part of a person's mind or body is damaged or does not work well, esp. when

---

[1] Initially, Defendant also argued on appeal that a person could violate the Wyoming statute simply by causing *de minimis* pain, which did not entail "violent force." After *Stokeling* clarified that "violent force" does not require a particular degree or likelihood of pain or injury, 139 S. Ct. at 554, Defendant conceded in supplemental briefing that this argument was foreclosed. We therefore do not address it.

[2] Defendant also asserts in a footnote that the word *illness* in the definition of *bodily injury* would permit a person to be prosecuted for nonviolent conduct, "given that there is no evident requirement that such . . . illness be painful." Aplt. Suppl. Br. at 8 n.6. But force does not need to cause pain or injury to constitute "physical force"; it need only be *capable* of causing pain or injury. *See Stokeling*, 139 S. Ct. at 553. Moreover, Defendant's argument based on the definition's inclusion of the word *illness* is not adequately developed to preserve the issue. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived.").

the condition amounts to a disability."  Black's Law Dictionary 869 (10th ed. 2014).[3]

That definition is quite similar to the same dictionary's definition of *physical injury*,

which it equates to *bodily injury*, which it defines as "physical damage to a person's

body."  *Id*. at 906.  Webster's Third New International Dictionary even defines

*impairment* with a synonymous cross-reference to the word "injury."  Webster's Third

New Int'l Dictionary 1131 (2002) ("the act of impairing or the state of being impaired:

INJURY . . . .").  And the New Oxford American Dictionary uses the word *impair* in its

definition of *injure*:  "do physical harm or damage to (someone); . . . harm or impair

(something)."  New Oxford American Dictionary at 868 (2d ed. 2005).  We conclude

that, at the least, there is no reason to believe that the statutory term *impair* was meant to

convey anything more than *injure*.

Perhaps most compelling is the view of the Model Penal Code (MPC), which is

the source of the Wyoming statute's identical definition of *bodily injury*.  *See* MPC §

210.0(2) ("'bodily injury' means physical pain, illness or any impairment of physical

condition"); *see generally* T. E.  Lauer, *Goodbye 3-Card Monte:  the Wyoming Criminal

Code of 1982*, 19 Land and Water L. Rev. 107, 115 (1984) (noting that many definitions

in the Wyoming Criminal Code of 1982, including the definition of *bodily injury*, were

taken from the MPC).  The MPC provides that a person is guilty of simple assault if he:

> (a) attempts to cause or purposely, knowingly or
>     recklessly causes *bodily injury* to another; or

---

[3]  The definition's reference to a mental impairment is not relevant here, because the Wyoming statute applied only to "impairment of *physical* condition."  Wyo. Stat. § 6–1–104(a)(i) (2012) (emphasis added).

6

(b) negligently causes *bodily injury* to another with a deadly weapon; or

(c) attempts by physical menace to put another in fear of imminent serious *bodily injury*.

§ 211.1(1) (emphasis added). Thus, the concept of "bodily injury" is central to the definition of the offense. Yet comment 2 to § 211.1 states: "The Model Code further departs from prior law in limiting assault to cases involving either the fact or prospect of *physical injury*. Mere offensive contact is excluded, though this is not to say that such conduct need go unpunished." MPC at 185 (emphasis added). The drafters obviously thought that their definition of *bodily injury* (identical to that of Wyoming) necessarily entailed "physical injury." And we assume that the Wyoming Supreme Court would find this commentary quite persuasive. *See O'Brien v. State*, 45 P.3d 225, 230–32 (Wyo. 2002) (noting that much of the 1982 revisions to the Wyoming criminal code came from the MPC and relying on the MPC commentary in construing a criminal statute).

Perhaps some court would construe "impairment of physical condition" to encompass Defendant's hypotheticals about shining a light in an officer's eyes, setting off a stink bomb, or giving an officer a sleeping pill. For that matter, however, a court might include those hypotheticals as examples of "physical injury" (the term used in *Johnson*, 559 U.S. at 140), since the victim's body cannot perform its ordinary physical tasks. In any event, the Supreme Court has instructed us not to speculate about such matters. *See Moncrieffe*, 596 U.S. at 191. Absent some indication that the Wyoming courts would so construe its statutory language, we need not be concerned with Defendant's hypotheticals. And the Wyoming courts have provided no such indication.

7

All the cases mentioned in Defendant's briefs in which someone was prosecuted under § 6–5–204(b) involved clearly violent force. *See Palomo v. State*, 415 P.3d 700, 702 (Wyo. 2018) (punches to head); *Flores v. State*, 403 P.3d 993, 995–96 (Wyo. 2017) (kick to solar plexus); *Grimes v. State*, 304 P.3d 972, 976–77 (Wyo. 2013) (kick to chest); *Meyers v. State*, 124 P.3d 710, 713 (Wyo. 2005) (firing a gun); *Mascarenas v. State*, 76 P.3d 1258, 1260, 1262 (Wyo. 2003) (knee to groin); *Nixon v. State*, 994 P.2d 324, 329 (Wyo. 1999) (pushing and wrestling).

To be sure, if a state statute "specifically says" that it covers conduct that is nonviolent, we do not need to identify a case affirming a conviction for nonviolent conduct. *United States v. Titties*, 852 F.3d 1257, 1274 (10th Cir. 2017). Such was the case in *Titties*, in which the statute prohibiting feloniously pointing a firearm expressly covered conduct undertaken for purposes of "whimsy, humor or prank." *Id*. (quoting Okla. Stat. tit. 21 § 1289.16 (1995)). That is not the case here. We therefore conclude that the Wyoming offense of felony interference with a police officer necessarily entails "the use, attempted use, or threatened use of physical force" within the meaning of USSG § 4B1.2(a)(1).

We are buttressed in this conclusion by the decisions of two other circuits that have reached the same conclusion when applying the categorical approach to state crimes that included the element of "bodily harm," defined as "physical pain or injury, illness, or any impairment of physical condition." *See Jones v. United States*, 870 F.3d 750, 753 (8th Cir. 2017); *United States v. Jennings*, 860 F.3d 450, 457 (7th Cir. 2017); *Yates v. United States*, 842 F.3d 1051, 1053 (7th Cir. 2016). In each of those cases the court

8

reasoned that there was no realistic probability that someone would be convicted of conduct falling short of violent "physical force" as defined by *Johnson*, in part because the defendant could not identify a single case under the statute affirming such a conviction. *See Jones*, 870 F.3d at 753–54; *Jennings*, 860 F.3d at 460; *Yates*, 842 F.3d at 1053.

We **AFFIRM** Defendant's sentence.