In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3688

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KER YANG,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:14-CR-00070-001 — **William M. Conley**, *Chief Judge*.

ARGUED MAY 27, 2015 — DECIDED AUGUST 21, 2015

Before POSNER, MANION, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Ker Yang pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court then found that Yang had three felony convictions that could be classified as violent under the Armed Career Criminal Act, often called ACCA. The court imposed the resulting mandatory minimum sentence of fifteen years in prison. 18 U.S.C. § 924(e)(1). Yang appeals, arguing that one of the three felony convictions cannot be a

violent felony under ACCA. The state court document recording the conviction did not clearly identify the statute of conviction. Yang argues that the district court was not permitted to look beyond the face of the document to identify the statute of conviction and thereby impose the heavier ACCA sentence.

We affirm. The conviction in question was for felony domestic assault in violation of Minnesota Statute § 609.224(4), which is a violent felony under ACCA. The district court could consult the relevant sentencing and plea transcripts to identify the statute of conviction without running afoul of ACCA or the Supreme Court's decisions interpreting it.

Before turning to what a district court may or must do with an ambiguous judgment of conviction, we first provide some background about how a sentencing court must determine whether a prior conviction qualifies under ACCA. The statute requires an enhanced sentence for a felon in possession of a firearm who "has three previous convictions … for a violent felony or a serious drug offense." § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves use of explosives." § 924(e)(2)(B).[1]

---

[1] The Supreme Court recently invalidated as unconstitutionally vague ACCA's so-called "residual clause" that had extended the definition of "violent felony" to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson v. United States*, 576 U.S. —, 135 S. Ct. 2551, 2563 (2015); 18

Determining which prior convictions were for violent felonies under ACCA can be difficult in some cases. In most cases, a federal sentencing court determines whether a prior conviction counts as a violent felony under ACCA by using the "categorical approach." See *Descamps v. United States*, 570 U.S. —, 133 S. Ct. 2276, 2281 (2013). Under the categorical approach, the sentencing court looks at the elements of the statute of conviction to determine if it "has as an element the use, attempted use, or threatened use of physical force against the person of another," see § 924(e)(2)(B)(i), or it has elements that are the same as, or narrower than, those of the "generic" crimes listed in § 924(e)(2)(B)(ii), burglary, arson, extortion, or a crime involving the use of explosives.

The issue is "whether the *elements of the offense* are of the type" that makes the offense a violent felony, and the court must answer this question "without inquiring into the specific conduct of this particular offender." *United States v. Woods*, 576 F.3d 400, 403 (7th Cir. 2009), quoting *James v. United States*, 550 U.S. 192, 202 (2007); see also *id.* at 405 (sentencing under ACCA "precludes deciding on a case-by-case basis whether a particular prior violation of a general statute posed the kind of risk of violence that would justify the recidivism enhancements provided by the ACCA"). The sentencing judge need not *and may not* consult any of the facts underlying the prior conviction. It does not matter if the defendant violated the statute of conviction in a particularly violent or non-violent way. The inquiry looks only at the statutory elements of the prior conviction to determine whether it qualifies as a violent felony. See *Descamps*, 133 S.

U.S.C. § 924(e)(2)(B)(ii). Yang's case does not involve the residual clause, so *Johnson* does not affect him.

Ct. at 2285–86; *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Misleveck*, 735 F.3d 983, 984 (7th Cir. 2013).

In some circumstances, however, ACCA permits the sentencing judge to look beyond the judgment and statute of conviction as part of this inquiry. Using what has been called the "modified categorical approach," the court may look to a limited selection of additional documents, including charging documents, plea agreements, jury instructions, plea and sentencing transcripts, and findings of fact and conclusions of law from a bench trial, when necessary to determine the elements of conviction—as opposed to the facts underlying that conviction. See *Descamps*, 133 S. Ct. at 2281; *Johnson v. United States*, 559 U.S. 133, 144 (2010); *Shepard*, 544 U.S. at 16; *United States v. Mathews*, 453 F.3d 830, 835 (7th Cir. 2006).[2]

Resort to such materials is necessary when the prior conviction is for violating a "divisible" statute. Such statutes list one or more elements in the alternative, giving the prosecution multiple ways to prove the offense. If the judgment identifies only the statute of conviction, it will not specify which elements necessarily served as the basis for the conviction. If not all alternatives would qualify the conviction as

---

[2] While the modified categorical approach allows a court to look beyond the judgment and the statute of conviction to documents such as plea agreements and transcripts of guilty pleas and sentencings, the court may not consider police reports, complaint applications, or other sources that do not reflect either the defendant's own admissions or the findings of a judge or jury. Formal charging documents may be used, however, to identify just which elements of a crime were resolved by a judgment of conviction. See *Shepard*, 544 U.S. at 16; see also *United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011).

a violent felony under ACCA, a court may try to determine which alternative served as the basis of a defendant's conviction.

For this limited inquiry, these outside documents (often called "*Shepard* documents" after *Shepard v. United States*, 544 U.S. 13) are available and can prove decisive. See *Descamps*, 133 S. Ct. at 2281, 2284–85. Once the elements of conviction are definitively established, the inquiry is identical to the categorical approach described above: those elements are evaluated to determine whether they establish a violent felony under ACCA. *Id.* at 2281, 2285. Even when this modified categorical approach is used, the sentencing court may use these additional sources "only to determine *which* crime within a statute the defendant committed, not *how* he committed that crime." *Woods*, 576 F.3d at 405.

Against this backdrop, Yang argues that one of his three convictions relied upon by the district court could not qualify under ACCA because it was not clear from the judgment of conviction which provision of the Minnesota criminal code he had violated. The judgment is a printed form with handwriting. Its only identification of the crime of conviction is the handwritten note "felony domestic" for the charge, without any more specific citation to a state statute. Unless the district judge could tell what the statute was, Yang argues, it would be impossible for the judge to apply the categorical approach to determine whether the conviction counted as an ACCA predicate. Instead, as happened here, the judge would need to look beyond the judgment of conviction to the plea and sentencing transcripts to determine that he was convicted of felony domestic assault in violation of Minn. Stat. § 609.224(4).

Yang argues that Supreme Court precedent prohibited the sentencing judge from looking beyond the judgment unless the statute of conviction was divisible. In his view, *only* when the sentencing court confronts a conviction under a divisible statute may the court consult the documents allowed under the modified categorical approach. Yang relies on *Descamps*, where the Court wrote: "A court may use the modified approach *only* to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S. Ct. at 2293 (emphasis added). As Yang sees it, the modified approach was used here for a different purpose, so the district court erred by doing what *Descamps* prohibits.

The government argues that the district court did not actually base its finding that the conviction was for a violent felony on anything other than the judgment of conviction and a look at the Minnesota criminal code, which is always permissible under ACCA. One can read the sentencing transcript that way, but it is also clear that the district judge did in fact consult the so-called *Shepard* documents at the very least to confirm his conclusion that Yang was convicted under the felony provision of § 609.224.

We think the better approach here is to assume that the judge's examination of the *Shepard* documents to confirm his research may well have been decisive. Even if those documents made a decisive difference, we find no error. A sentencing judge faced with an arguably ambiguous judgment of conviction may consult *Shepard* documents, such as plea and sentencing transcripts, to determine under which statute the defendant was convicted. Cf. *United States v. Meherg*, 714 F.3d 457, 459 (7th Cir. 2013) (noting that defendant could

have disputed the interpretation of an unclear judgment by offering "evidence, such as a plea colloquy or sentencing transcript, indicating that he was convicted of a crime different from the one charged").

But what of the *Descamps* language quoted above saying the modified categorical approach may be used "only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction"? 133 S. Ct. at 2293. Similar language has echoed through our opinions, as well. See *Black*, 636 F.3d at 899 (district court did not err when it declined to consider underlying documents, even in the face of ambiguity, because "the controlled substance statutes under which [defendant] was convicted are not divisible"); *United States v. Ramirez*, 606 F.3d 396, 399 (7th Cir. 2010) ("When an offense is not divisible, plea colloquies, judicial admissions, judicial findings, and jury instructions from the prior prosecutions cannot be used to classify the prior convictions."); *Woods*, 576 F.3d at 411 ("As we explained earlier, *James*, *Taylor*, and *Shepard* permit a court to go beyond the statutory definition of the crime to consult judicial records (charging documents, plea colloquy, etc.) only where the statute defining the crime is divisible.").

Yang's argument illustrates the hazards of reading too literally the language in judicial opinions. The actual issue in *Descamps* was what a federal court could do when evaluating a conviction under California's broad burglary statute, which does not require proof of an unlawful entry. The Supreme Court has treated unlawful entry as an essential element under ACCA's use of a generic "burglary" as a predicate violent felony. See 133 S. Ct. at 2282. The Supreme Court held in *Descamps* that a sentencing court could not look at *Shepard*

documents to determine if the prosecution had actually proven defendant's unlawful entry even though no element, or alternative element, of the statute required such proof. See *id.* at 2287–88, 2293. In other words the Court held that a court may not consult sources outside the judgment and statute of conviction to determine whether or not a given defendant's actions would be an ACCA violent felony. *Id.* at 2293.

The issue here is determining the identity of the statute of conviction, not the particular way in which it was violated. Looking to a limited set of outside sources—here the plea and sentencing transcripts—to identify the statute of conviction is consistent with the modified categorical approach and the limits ACCA places on federal sentencing courts. Despite the general language Yang quotes, the Supreme Court has made clear that a sentencing court may reach beyond the judgment of conviction when it needs to "determine which statutory phrase was the basis for the conviction." *Johnson v. United States*, 559 U.S. 133, 144 (2010).

The precise statutory basis for the conviction (the "statutory phrase") can be ambiguous either because the statute lists elements in the alternative or (less often) because the statute is not identified clearly. We see no reason to distinguish between the two situations in deciding how the sentencing court may resolve the ambiguity. For the same reasons that the "modified categorical approach" may be used as a tool to determine the correct statutory *subsection* of conviction—in effect, to choose among several different crimes—it makes equal sense to use that tool to determine the correct statutory *section* of conviction. See *Descamps*, 133 S. Ct. at 2285 ("All the modified approach adds is a mecha-

nism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates 'several different ... crimes.'"), quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009). Either way, the approach is used only to "identify, from among several alternatives, the crime of conviction" so that the court can correctly apply the categorical approach. *Id.* at 2285.

If we read the language of *Descamps* too literally, without regard for the issue decided and the reasoning behind the decision, we would be attributing to the Supreme Court an imprudently wooden formalism with the language of its own opinions. The "language of an opinion is not always to be parsed as though we were dealing with language of a statute," *Reiter v. Sonotone Corp.*, 442 U.S. 330, 341 (1979), for "[j]udges expect their pronunciamentos to be read in context." *Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005); see also *Illinois v. Lidster*, 540 U.S. 419, 424 (2004) (general language in judicial opinions must be read in context and not as "referring to quite different circumstances that the Court was not then considering"); *Cohens v. Virginia*, 19 U.S. 264, 399 (1821) (Marshall, C.J.) ("general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision.").

Extending the use of the *Shepard* documents from identifying the right statutory subsection to identifying the right statutory section does not threaten to transform the "elements-based" inquiry under the categorical approach to the "evidence-based" inquiry rejected in *Descamps*, 133 S. Ct. at

2287. When faced with an ambiguous judgment, the sentencing court will look to the approved sources to determine the statute of conviction—that is, the elements of the crime of conviction—to compare it to the requirements of ACCA.

At no point does this approach permit the sentencing judge to look beyond the elements of the crime of conviction when determining whether the felony is violent. The use of *Shepard* documents is therefore nothing like the use prohibited in *Descamps*, where the government sought to use the additional materials to establish that the state had actually proven a violent felony as defined by ACCA even though the words of the underlying statute did not necessarily require the jury (or judge accepting a plea) to find that one of the ACCA-defined violent felony elements was met. See 133 S. Ct. at 2285–87.

The district court properly determined that Yang was convicted of felony domestic assault under Minn. Stat. § 609.224 and that the crime qualifies as a violent felony under ACCA. As it happens, § 609.224 can be violated in a number of ways: as a misdemeanor, as a "gross misdemeanor," or as a felony. Using the same documents consulted to determine the overall statute of conviction—those permitted by the modified categorical approach—it is easy to find that Yang's conviction was under the subdivision describing felony assault, § 609.224(4). Under the statute, an individual is guilty of felony domestic assault if he "(1) commits an act with an intent to cause fear in another of immediate bodily harm or death; or (2) intentionally inflicts or attempts to inflict bodily harm upon another" and does so within a specified amount of time of having committed other qualified domestic violence-related offenses. Minn. Stat. § 609.224(1), (4). A convic-

tion under this statute qualifies as a violent felony because it has "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

The judgment of the district court is AFFIRMED.