In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-1799

ELISEO BELTRAN-AGUILAR,

*Petitioner*,

*v.*

MATTHEW G. WHITAKER,
Acting Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A089-856-143

ARGUED OCTOBER 25, 2018 — DECIDED JANUARY 2, 2019

Before ROVNER, HAMILTON, and BARRETT, *Circuit Judges*.

BARRETT, *Circuit Judge*. Eliseo Beltran-Aguilar, a native and citizen of Mexico, applied for cancellation of removal from the United States. An immigration judge denied his application, and the Board of Immigration Appeals affirmed the denial on the ground that Beltran-Aguilar's conviction for Wisconsin battery involving domestic abuse was a crime of domestic violence. Beltran-Aguilar now petitions this court for review,

arguing that the Wisconsin offense is not categorically a crime of violence. It is, so we deny his petition.

Federal law makes an alien ineligible for cancellation of removal if he has been convicted of a crime of domestic violence, *see* 8 U.S.C. § 1229b(b)(1)(C), which is "any crime of violence … against a person committed by" a current or former domestic partner, 8 U.S.C. § 1227(a)(2)(E)(i). A "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Offenses either categorically involve physical force or they don't; the elements of the crime for which a defendant was convicted, not his underlying conduct, are what matters. *See Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004).

Beltran-Aguilar was convicted of battery under Wisconsin Statute 940.19(1), which prohibits "caus[ing] bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed." In Wisconsin, "bodily harm" means "physical pain or injury, illness, or any impairment of physical condition." Wis. Stat. § 939.22(4). Beltran-Aguilar argues that Wisconsin battery is not a crime of violence because it can be satisfied by causing only illness or impairment of physical condition, which he says do not necessarily require physical force. Precedent says otherwise.

The Supreme Court held in *Curtis Johnson v. United States* that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010). Though the Court was interpreting a different statute—18 U.S.C. § 924(e)—than the one at issue here, we've confirmed that "[t]he definition of a crime of violence

in § 924(e) mirrors the language found in 18 U.S.C. § 16(a), and the statutes are interpreted in the same way." *De Leon Castellanos v. Holder*, 652 F.3d 762, 765 (7th Cir. 2011).

We have already held that Wisconsin's definition of bodily harm "tracks what *Curtis Johnson* said would suffice." *Yates v. United States*, 842 F.3d 1051, 1053 (7th Cir. 2016) (holding that the Wisconsin offense of battery by a prisoner is a crime of violence under § 924(e)). And we reached a similar conclusion in *United States v. Yang*, where we held that the Minnesota felony of domestic assault—an offense premised on the same definition of bodily harm as Wisconsin battery—was a crime of violence. 799 F.3d 750, 756 (7th Cir. 2015); *see also* Minn. Stat. § 609.02 Subd. 7. Notwithstanding these authorities, Beltran-Aguilar provides a number of hypotheticals that he thinks could be prosecuted as Wisconsin batteries that would not involve physical force under *Curtis Johnson*: a blowhorn that impairs someone's hearing, smelling salts that impair someone's sense of smell, and a substance in a drink that impairs someone's health or ability to walk.

Even if Beltran-Aguilar is right that these examples don't involve physical force, he fails to show that Wisconsin would actually prosecute them as battery. "[T]he Supreme Court has cautioned us not to allow our 'legal imagination[s]' to roam too freely in postulating what types of conduct theoretically might be prosecuted under a state statute for purposes of determining whether the offense as defined qualifies as a predicate offense for adverse federal action." *United States v. Jennings*, 860 F.3d 450, 460 (2017) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). There must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition

of a crime." *Gonzales*, 549 U.S. at 193. To show that realistic probability, an offender "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id*. Beltran-Aguilar has not identified any case in which Wisconsin's definition of "bodily harm" has been applied in a way that does not accord with *Curtis Johnson*. Accordingly, Wisconsin battery is a crime of violence.

It's worth noting that Beltran-Aguilar would have had an uphill battle to show that his hypotheticals don't involve physical force. In both *Yates* and *Jennings*, we concluded that actions similar to those hypothesized by Beltran-Aguilar satisfy *Curtis Johnson*'s definition. In *Yates* we explained that a prisoner throwing a cup of urine at a guard involved physical force because urine can—and in the actual state court case under discussion, did—cause pain to the guard's eyes or nose. 842 F.3d at 1053. In *Jennings* we considered a variety of methods of subtly exposing a victim to a harmful agent—for example, exposing a victim to a toxin, biological agent, or hidden explosive by means of secrecy or deception—and concluded that they all would involve physical force because "the agent itself will, through a physical process, work a concrete harm on the victim." 860 F.3d at 459. Like the actions considered in *Yates* and *Jennings*, Beltran-Aguilar's hypotheticals all seem capable of causing physical pain or injury. But because he could not identify any Wisconsin conviction on similar facts, we need not decide the issue.

The petition for review is DENIED.