In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 20-3203

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GIAVONNI CUNNINGHAM,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:19-CR-0056(1) — **Rebecca R. Pallmeyer**, *Chief Judge.*

---

SUBMITTED OCTOBER 5, 2021 — DECIDED OCTOBER 7, 2021

---

Before EASTERBROOK, KANNE, and ST. EVE, *Circuit Judges.*

PER CURIAM. Giavonni Cunningham appeals his sentence for unlawful possession of ammunition, 18 U.S.C. § 922(g)(1), on the ground that the district court miscalculated his range under the Sentencing Guidelines. He contends that the court erred in determining that one of his two convictions for aggravated battery under Illinois law, 720 ILCS 5/12-4 (2010), was a "crime of violence." In Cunningham's view, the court should have relied on unspecified information from the

Illinois Department of Corrections to find that he was con-
victed under a subsection of the statute that does not categor-
ically define a crime of violence. But the court-certified record
of conviction—which was consistent with criminal records
from two separate police departments—shows that Cunning-
ham was convicted under 720 ILCS 5/12-4(a), which, he con-
cedes, is a crime of violence. Because the district court appro-
priately relied on the certified record, we affirm.

## I. BACKGROUND

While on parole, Cunningham was riding in a car that po-
lice officers stopped for having an unregistered license plate.
As the officers approached, the driver sped away, provoking
a high-speed chase. At some point, Cunningham exited the
car and ran until he fell and dropped a 9mm round of ammu-
nition.

Cunningham, a felon, pleaded guilty to unlawful posses-
sion of ammunition, 18 U.S.C. § 922(g)(1), and the probation
office prepared a presentence investigation report. The PSR
calculated a base offense level of 24 under U.S.S.G.
§ 2K2.1(a)(2) because Cunningham had two previous convic-
tions for a crime of violence, as defined by U.S.S.G.
§ 4B1.2(a)(1). *See* U.S.S.G. § 2K2.1 cmt. n.1 (adopting "crime of
violence" definition from § 4B1.2(a)). Namely, in 2007 and
2010, Cunningham was convicted of aggravated battery
against a peace officer. But the PSR also introduced ambiguity
about the 2010 conviction:

> It is noted that [the government] provided the certi-
> fied disposition, which reflects, as does the [Chicago
> Police Department] and [Illinois State Police] rap
> sheets, that the defendant was convicted of 720 ILCS
> 5/12-4(a); however, information provided by the

> [Illinois Department of Corrections] indicates that the defendant was convicted of 720 ILCS 5/12-4(b)(6).

After subtracting three levels for acceptance of responsibility, U.S.S.G. § 3E1.1(a)–(b), the PSR calculated a total offense of 21. Based on this offense level and a criminal history category of V, the guidelines range was 70 to 87 months in prison followed by up to three years' supervised release.

As relevant to this appeal, Cunningham objected to the calculation on the ground that his 2010 conviction was not a crime of violence and, therefore, his base offense level should be 22 rather than 24. At the time of Cunningham's conviction, the aggravated battery statute, 720 ILCS 5/12-4 (2010), had two subsections. Subsection (a) required that the defendant "intentionally or knowingly causes great bodily harm," and, thus, a conviction under that subsection necessarily constituted a crime of violence under § 4B1.2(a)(1) (which requires the offense to have "as an element the use, attempted use, or threated use of physical force against the person of another"). *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (describing the force necessary for a violent felony as the force capable of causing physical pain or injury to another person)*see also United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017) (conviction under first prong of Illinois simple battery statute, which requires causing bodily harm, was a crime of violence); *United States v. Jennings*, 860 F.3d 450, 458–61 (7th Cir. 2017) (same, regarding Illinois aggravated domestic battery). Subsection (b) required the commission of simple battery—which could include mere "physical contact of an insulting or provoking nature," 720 ILCS 5/12-3(a) (2010)—against a certain class of victim, including a correctional officer. 720 ILCS 5/12-4(b)(6).

A conviction under subsection (b), therefore, is not a crime of violence under the categorical approach.

Citing the PSR's reference to "information" from the Department of Corrections, Cunningham argued that his 2010 conviction was under subsection (b) of the Illinois aggravated-battery statute—not subsection (a), as the PSR concluded. And because there is no information in the PSR, or anywhere in the record, about the facts of the 2010 offense or the specific conduct to which he pleaded guilty in 2010, the court should not count this conviction as a crime of violence.

At the sentencing hearing, the district court heard argument on Cunningham's objection. After confirming with the government and the probation office that the verified PSR, certified record of conviction, and criminal records from two police departments listed 720 ILCS 5/12-4(a) as the statute of conviction for Cunningham's 2010 aggravated-battery offense—and *no* certified document listed subsection (b)—the court overruled the objection. After adopting the other calculations from the PSR, the court sentenced Cunningham to 60 months in prison—a term below the range of 70 to 87 months—and three years' supervised release.

## II.    ANALYSIS

Cunningham raises one argument on appeal—that the district court erred in counting his 2010 conviction as a crime of violence because the PSR's sources conflict about the statute of conviction, and the record contains "no documents" describing the offense. He contends that the court was obligated to look to the *Shepard* documents—*e.g.*, the plea agreement or indictment—to determine whether he was convicted under 720 ILCS 5/12-4(a) or (b) and whether his offense qualified as

a crime of violence. *See generally Shepard v. United States*, 544 U.S. 13 (2005). Having not done so, Cunningham continues, the district court could not be certain of his statute of conviction and therefore should have accounted for only one prior crime of violence (the 2007 aggravated battery). This would have set his base offense level at 22, *see* U.S.S.G. § 2K2.1(a)(3), with his adjusted offense level generating a guidelines range of 57 to 71 months.

We detect three fatalities to Cunningham's argument. First, the district court did not err in relying on the PSR's statement that, in 2010, Cunningham was convicted of aggravated battery under 720 ILCS 5/12-4(a). In determining a defendant's criminal history, a district court can rely on a PSR "so long as the report is well-supported and appears reliable." *United States v. Mehrig*, 714 F.3d 457, 459 (7th Cir. 2013). The PSR here met that bar, notwithstanding the unspecified "information" from the Department of Corrections. As the district court confirmed with the prosecutor and the probation officer during the sentencing hearing, the PSR's characterization of the 2010 conviction was based on the certified record of conviction and was bolstered by separate criminal-history reports from the Chicago Police Department and the Illinois State Police.

Second, if Cunningham doubted the reliability of the PSR, it was his burden to "produce evidence that questions the reliability or correctness of the facts in the report," *Mehrig*, 714 F.3d at 459. Cunningham's lawyer reported to the court that he attempted to pull Cunningham's court files at Cook County's criminal court and could not. But he never probed the nature of the unspecified "information" suggesting Cunningham was convicted under subsection 5/12-4(b)—for

example, by asking the court to have the probation office produce it or testify. Therefore, the district court can hardly be faulted for relying on the court-certified record of conviction, a dependable source that courts may consult to obtain certainty about a defendant's criminal record. *See Shepard*, 544 U.S. at 23 (in determining a defendant's statute of conviction for a previous offense, courts should look only "to records … approaching the certainty of the record of conviction … .").

Finally, Cunningham's contention that the district court should have looked to the *Shepard* documents to determine the statute of his 2010 conviction is incorrect. True, 720 ILCS 5/12-4 is a divisible statute, meaning that it describes two offenses—*i.e.*, subsections (a) and (b)—the second of which can be committed without the use of sufficient force to be a crime of violence. *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016); *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973 (7th Cir. 2010). Therefore, had Cunningham's record of conviction failed to delineate which subsection he violated, the district court would have had to use *Shepard*'s modified categorical approach to investigate further, and consider reliable court documents such as a guilty plea, plea colloquy, or indictment to examine the conduct underlying Cunningham's conviction. *See Mathis*, 136 S. Ct. at 2249.

But that process was unnecessary here, because the district court had reliable evidence that Cunningham was convicted under 720 ILCS 5/12-4(a). *See Shepard*, 544 U.S. at 25 (explaining that district courts can look to limited, reliable documents when "the fact necessary to show a generic crime *is not established by the record of conviction*" (emphasis added)); *United States v. Ker Yang*, 799 F.3d 750, 753 (7th Cir. 2015). And Cunningham admits that subsection (a) categorically defines

a crime of violence. There was no need for the court to investigate the nature of his unlawful conduct.

### III.    CONCLUSION

The district court's sentencing decision is AFFIRMED.