In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________

No. 22-2282
JOSE DE JESUS CALDERA-TORRES,
 Petitioner,

 v.

MERRICK B. GARLAND, Attorney General of the United States,
 Respondent.
 ____________________

 Petition for Review of an Order of the
 Board of Immigration Appeals.
 No. A206-274-405
 ____________________

 ARGUED FEBRUARY 28, 2023 — DECIDED APRIL 27, 2023
 ____________________

 Before EASTERBROOK, WOOD, and ST. EVE, Circuit Judges.
 EASTERBROOK, Circuit Judge. Jose De Jesus Caldera-Torres,
a citizen of Mexico, is in the United States without permission.
He conceded this but sought cancellation of removal under 8
U.S.C. §§ 1229a(c)(4), 1229b(b)(1). To be eligible for that relief
an alien must show, among other things, that he has not been
convicted of a crime of domestic violence. Caldera-Torres has
on his record a conviction for battery, in violation of Wis. Stat.
2 No. 22-2282

§940.19(1), arising from an attack on the mother of his daugh-
ter. An immigration judge concluded that this conviction
makes Caldera-Torres ineligible, and the Board of Immigra-
tion Appeals agreed. Caldera-Torres asks us to set aside that
order on the ground that, although Wis. Stat. §940.19(1) is a
“crime of violence” for federal purposes, it is not a crime of
domestic violence, because the victim’s identity is not an ele-
ment of the oﬀense.
 Caldera-Torres is right about the elements of the oﬀense
under Wisconsin law. Section 940.19(1) reads: “Whoever
causes bodily harm to another by an act done with intent to
cause bodily harm to that person or another without the con-
sent of the person so harmed is guilty of a Class A misde-
meanor.” We held in Beltran-Aguilar v. Whitaker, 912 F.3d 420
(7th Cir. 2019) (Barrett, J.), that this statute names a “crime of
violence” under the elements clause of 18 U.S.C. §16(a). But
the victim’s identity is irrelevant to the state’s law, so, if a “do-
mestic” element is essential, then Caldera-Torres is not dis-
qualiﬁed.
 The deﬁnition of a disqualifying oﬀense is in 8 U.S.C.
§1227(a)(2)(E)(i):
 Any alien who at any time after admission is convicted of a crime
 of domestic violence, a crime of stalking, or a crime of child abuse,
 child neglect, or child abandonment is deportable. For purposes
 of this clause, the term “crime of domestic violence” means any
 crime of violence (as deﬁned in section 16 of title 18) against a per-
 son committed by a current or former spouse of the person, by an
 individual with whom the person shares a child in common, by
 an individual who is cohabiting with or has cohabited with the
 person as a spouse, by an individual similarly situated to a spouse
 of the person under the domestic or family violence laws of the
 jurisdiction where the oﬀense occurs, or by any other individual
 against a person who is protected from that individual’s acts
No. 22-2282 3

 under the domestic or family violence laws of the United States or
 any State, Indian tribal government, or unit of local government.

This asks two questions. First, is the oﬀense of conviction a
“crime of violence” for the purpose of §16? Beltran-Aguilar an-
swers “yes.” Second, was it committed against “an individual
with whom the person shares a child in common” or another
listed victim? This is usually referred to as the “protected per-
son” aspect of the deﬁnition. Caldera-Torres concedes that the
victim of his battery was “an individual with whom [he]
shares a child in common”. That’s enough, the IJ and BIA con-
cluded, to block withholding of removal.
 Section 1227(a)(2)(E)(i) does not say or imply that the “pro-
tected person” aspect of the deﬁnition must be an element of
the crime. That the oﬀense involved a “protected person”
comes in addition to the elements. Whether a conviction is for
a “crime of violence” depends on the statutory elements. See,
e.g., Mathis v. United States, 579 U.S. 500 (2016). What makes a
“crime of violence” a “crime of domestic violence” under
§1227(a)(2)(E)(i) is the nature of the victim as a “protected per-
son”. That ingredient need not be part of the crime’s elements.
It is enough that the victim’s status as a “protected person” be
established.
 The operation of §1227(a)(2)(E)(i) is similar to the opera-
tion of 8 U.S.C. §1101(a)(43)(M)(i), which deﬁnes as an “ag-
gravated felony” for the purpose of §1227(a)(2)(A)(iii) “an of-
fense that … involves fraud or deceit in which the loss to the
victim or victims exceeds $10,000.” Nijhawan v. Holder, 557
U.S. 29 (2009), holds that §1101(a)(43)(M)(i) requires immigra-
tion oﬃcials to decide two issues: ﬁrst, is the conviction for an
oﬀense that is categorically “fraud or deceit” as federal law
deﬁnes those terms; second, did the loss exceed $10,000? The
4 No. 22-2282

victim’s loss may be shown independently, the Court held,
whether or not the statute deﬁning the crime of conviction in-
cludes the amount of loss as an element. The federal deﬁnition
of a “crime of domestic violence” as a generic “crime of vio-
lence” plus the victim’s status as a “protected person” works
the same way, so it deserves the same treatment that
§1101(a)(43)(M)(i) received in Nijhawan.
 United States v. Hayes, 555 U.S. 415 (2009), is even closer to
the mark. Someone convicted of a “misdemeanor crime of do-
mestic violence” may not possess a ﬁrearm. Hayes holds that
proof of this disqualifying crime proceeds in two steps: ﬁrst,
the record must show a crime of violence in the sense that the
elements proscribe “the use or attempted use of physical
force, or the threatened use of a deadly weapon”. 18 U.S.C.
§921(a)(33)(A)(ii). Second, the crime must be “committed by”
a person who has a speciﬁed domestic relation with the vic-
tim. Ibid. Hayes holds that this second step—equivalent to the
“protected person” component under §1227(a)(2)(E)(i)—need
not be an element of the oﬀense of conviction. It is enough,
Hayes holds, that the relation between oﬀender and victim be
shown to the degree of conﬁdence required by law.
 Given Nijhawan and Hayes, it is unsurprising that all other
circuits that have addressed the operation of §1227(a)(2)(E)(i)
recently have held that the victim’s status as a “protected per-
son” need not be an element of the crime of conviction. Her-
nandez-Zavala v. Lynch, 806 F.3d 259, 264–68 (4th Cir. 2015);
Bianco v. Holder, 624 F.3d 265, 268–73 (5th Cir. 2010). We agree
with these decisions. Tokatly v. Ashcroft, 371 F.3d 613 (9th Cir.
2004), held otherwise, but it preceded Nijhawan and Hayes; it
did not survive those decisions. Caldera-Torres maintains
that Jauregui-Cardenas v. Barr, 946 F.3d 1116, 1119 (9th Cir.
No. 22-2282 5

2020), shows that the Ninth Circuit continues to follow To-
katly, but Jauregui-Cardenas does not address §1227(a)(2)(E)(i)
or any similar statute, and it does not cite Tokatly. We need not
and do not consider whether Jauregui-Cardenas was rightly de-
cided.
 Caldera-Torres contends that Wisconsin must not have
seen his conviction as one for a “crime of domestic violence”,
because he did not receive the “domestic abuse surcharge”
(longer sentence) that applies to domestic oﬀenses in Wiscon-
sin. See Wis. Stat. §973.055. But we do not ask how Wisconsin
classiﬁed Caldera-Torres’s conviction for its own purposes.
Our question is how §1227(a)(2)(E)(i) classiﬁes it for federal
purposes. The most one can say about the absence of a “sur-
charge” is that there is some ambiguity. (Perhaps the absence
was just an oversight.) Ambiguity cuts against an applicant
for withholding of removal, however, because Pereida v. Wil-
kinson, 141 S. Ct. 754 (2021), holds that the alien bears the bur-
den of persuasion on all ﬁndings needed to support withhold-
ing of removal. Caldera-Torres has not established the ab-
sence of a disqualifying conviction, so the petition for review
of the Board’s order is
 DENIED.