[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 15, 2012
JOHN LEY
CLERK

_____

No. 10-15947

_____

D.C. Docket No. 4:10-cr-00010-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO DELEON COLON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 15, 2012)

Before CARNES and HULL, Circuit Judges, and ROTHSTEIN,* District Judge.

PER CURIAM:

_____

*Honorable Barbara Jacobs Rothstein, United States District Judge for the Western
District of Washington, sitting by designation.

Richard DeLeon Colon appeals the sentence that was imposed on him after he pleaded guilty to and was convicted of violating 18 U.S.C. § 922(g)(1). His sole contention is that he was erroneously sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because the district court erred in concluding that two of the three convictions that it relied on to find that the Act applied to him were violent felonies within the meaning of § 924(e)(2)(B)(ii)'s residual clause.[1] Those two convictions that he questions are his 2003 Indiana conviction for aggravated battery on a law enforcement officer engaged in the execution of his official duty, resulting in bodily injury, Ind. Code § 35-42-2-1(a)(2)(A); and his 2003 Indiana conviction for aggravated battery of a person less than fourteen years of age, resulting in bodily injury, Ind. Code § 35-42-2-1(a)(2)(B).

To determine whether those two Indiana convictions qualified as "violent felonies" for ACCA purposes, the district court applied the modified categorical approach. See, e.g., Johnson v. United States, 130 S.Ct. 1265, 1273 (2010). In finding that the crimes did involve violence the court relied on the charging

---

[1] The third conviction used to apply the ACCA to Colon was his 1995 Florida conviction for resisting an officer with violence in violation of Fla. Stat. § 843.01. While he contends that a conviction under that statute does not qualify as a violent felony, he acknowledges that our precedent forecloses that contention. See United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010).

documents behind Colon's two convictions, which may properly be consulted in applying the modified categorical approach. See Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 1257 (2005). Colon did not argue to the district court that the modified categorical approach was inapplicable under these circumstances, but only that under that approach his two Indiana convictions did not qualify as violent felonies. He was wrong about that, as the district court concluded. The charging documents showed that violence was involved in each of his Indiana crimes, and neither the Johnson decision nor the decision in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581 (2008), forecloses a finding that the convictions were for violent felonies.

In his opening brief in this Court, Colon argued the same position that he had taken in the district court, which is that under the modified categorical approach his two Indiana convictions were not violent felonies for ACCA purposes. In his reply brief, however, for the first time Colon contended that the district court had erred in applying the modified categorical approach at all. He argued that approach should be applied only when the statute of conviction contains alternative means, some violent and some non-violent, by which it may be violated. The Indiana statute that Colon was convicted of violating did not contain alternative means but only one means: "touch[ing]." Ind. Code § 35-42-2-

3

1(a)(2)(A)–(B) ("A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery . . . a Class D felony if it results in bodily injury to: (A) a law enforcement officer . . . [or] (B) a person less than fourteen (14) years of age . . . .").

We have never squarely held whether the modified categorical approach for determining whether a prior conviction is a violent crime for ACCA residual clause purposes applies where the statute of conviction employs a single term that covers both violent and non-violent conduct. And we do not decide that issue here for two reasons. First, the issue was not raised in the district court, and because there is no binding precedent in Colon's favor there was no plain error. See United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005); United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). Second, we do not decide issues raised for the first time in a reply brief. See United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004); United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999).

**AFFIRMED.**