[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15357
Non-Argument Calendar
_____

D.C. Docket Nos. 4:15-cv-00515-RH-CAS,
4:10-cr-00010-RH-CAS-1

RICARDO DELEON COLON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 16, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Ricardo Colon, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 188-month sentence.

Colon pleaded guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report stated that he was subject to an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based on three prior convictions: (1) a 1995 Florida conviction for resisting an officer with violence, in violation of Florida Statute § 843.01; (2) a 2003 Indiana conviction for aggravated battery on a law enforcement officer engaged in the execution of his official duty, resulting in bodily injury, in violation of Indiana Code § 35-42-2-1(a)(2)(A); and (3) a 2003 Indiana conviction for aggravated battery of a person less than fourteen years of age, resulting in bodily injury, in violation of Indiana Code § 35-42-2-1(a)(2)(B).

Colon objected to the use of the Indiana battery convictions as ACCA qualifying offenses, but the district court ruled that they qualified under the ACCA's residual clause. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" and that "involves conduct that presents a serious potential risk of physical injury to another"). The court sentenced Colon to 188 months in prison, and we affirmed. See United States v. Colon, 458 F. App'x 825 (11th Cir. 2012) (unpublished).

Colon later filed a pro se § 2255 motion challenging his sentence on the ground that the Supreme Court's invalidation of the ACCA's residual clause in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), meant that his Indiana battery convictions were no longer qualifying felonies under the ACCA. The district court acknowledged that Johnson invalidated the residual clause, but ruled that Colon's Indiana convictions were still qualifying felonies under the ACCA's elements clause.[1]  See 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" and that "has as an element the use, attempted use, or threatened use of physical force against the person of another").  As a result, it denied Colon's motion, but granted him a certificate of appealability on the following issue:  Whether his Indiana battery convictions are violent felonies under the ACCA's elements clause. This is Colon's appeal.[2]

We review de novo the district court's ruling that Colon's Indiana battery convictions qualify as violent felonies under the ACCA's elements clause.  See Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).  Indiana's 2003 battery statute provided that a "person who knowingly or intentionally touches

---

[1] There is no question that Colon's Florida conviction for resisting an officer with violence is a qualifying felony under the ACCA's elements clause.  See United States v. Hill, 799 F.3d 1318, 1322–23 (11th Cir. 2015) (concluding that a Florida conviction for resisting an officer with violence "categorically qualifies as a violent felony under the elements clause of the ACCA").

[2] Colon proceeded pro se in the district court, but he is now represented by counsel.

another person in a rude, insolent, or angry manner commits battery," and that the offense is a felony if it "results in bodily injury to" a law enforcement officer or "a person less than fourteen (14) years of age and is committed by a person at least eighteen (18) years of age." Ind. Code § 35-42-2-1(a)(2)(A)–(B) (2003).[3] Indiana defined "bodily injury" as "any impairment of physical condition, including physical pain." Id. § 35-41-1-4 (2003). Colon contends that mere physical pain falls short of the "physical force" requirement in the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), which means that his Indiana convictions are not violent felonies and, as a result, his sentence cannot be enhanced under the ACCA. That contention fails.

The Supreme Court has held that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force — that is, force capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010). In United States v. Vail-Bailon, 868 F.3d 1293, 1302 (11th Cir. 2017) (en banc), we held that the test in Curtis Johnson for "determining whether an offense calls for the use of physical force . . . is whether the statute calls for violent force that is capable of

---

[3] The district court cited the provision of the battery statute requiring "serious bodily injury," not bodily injury. But, as the government points out, the record makes clear that Colon was convicted under Indiana Code § 35-42-2-1(a)(2)(A)–(B), which requires only "bodily injury." See Colon, 458 F. App'x at 826.

4

causing physical pain or injury to another."[4]  Applying that test, we concluded that a Florida battery statute requiring an intentional use of force that causes the victim to suffer "great bodily harm, permanent disability, or permanent disfigurement" qualified as a violent felony under the elements clause because force that in fact causes such harm "necessarily constitutes force that is <u>capable</u> of causing pain or injury."  <u>Id.</u> at 1303.

Our <u>Vail-Bailon</u> decision establishes that Colon's Indiana felony battery convictions qualify as violent felonies under the <u>Curtis Johnson</u> test.  A conviction for Indiana felony battery requires "bodily injury," which means "any impairment of physical condition, including physical pain."  Ind. Code § 35-41-1-4 (2003).  An "impairment" is synonymous with an injury,[5] and the statute includes "physical pain" within its definition of "physical impairment."  <u>Id.</u>  Because that means, at a minimum, that the victim must suffer physical pain or injury, a felony battery

---

[4] <u>Vail-Bailon</u> involved a "crime of violence" enhancement under the sentencing guidelines, not under the ACCA, but the "elements clause of the ACCA is identical to the elements clause [in the guidelines]."  868 F.3d at 1298 n.8.  Colon argues that the test we articulated in <u>Vail-Bailon</u> is inconsistent with <u>Curtis Johnson</u> and the Supreme Court's decisions in <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 125 S. Ct. 377 (2004), <u>United States v. Castleman</u>, 572 U.S. 157, 134 S. Ct. 1405 (2014), and <u>Voisine v. United States</u>, 579 U.S. __, 136 S. Ct. 2272 (2016), but that argument is a non-starter.  We are bound by <u>Vail-Bailon</u> unless and until the Supreme Court or this Court sitting en banc overrules it.  <u>See</u> <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("[Under the] prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.").  In any event, <u>Vail-Bailon</u> explicitly applied the <u>Curtis Johnson</u> test.  868 F.3d at 1302.

[5] Random House Unabridged Dictionary 958 (2d ed. 1993).

conviction under the Indiana statute necessarily requires that the defendant use "force capable of causing physical pain or injury." Curtis Johnson, 559 U.S. at 140, 130 S. Ct. at 1271; Castleman, 134 S. Ct. at 1416–17 (Scalia, J., concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."); cf. Vail-Bailon, 868 F.3d at 1303 (concluding that "force — even of the touching variety — that in fact causes great bodily harm, permanent disability, or permanent disfigurement . . . necessarily constitutes force that is capable of causing pain or injury") (quotation marks omitted).

Colon points out that Indiana felony battery does not include the "great bodily harm, permanent disability, or permanent disfigurement" requirement that the Florida battery statute at issue in Vail-Bailon required. See Bailey v. State, 979 N.E.2d 133, 133–34, 138 (Ind. 2012) (affirming that "any level of pain can constitute bodily injury," and concluding that there was sufficient evidence of bodily injury where a wife testified that her husband caused her pain when he "poked her repeatedly in the forehead with his finger, hard enough to push her head back" and shoved her). Indiana's Bailey decision does not support Colon's argument because it confirms that "bodily injury" requires physical pain.

In Yates v. United States, 842 F.3d 1051, 1052–53 (7th Cir. 2016), the Seventh Circuit addressed a similar argument involving Wisconsin's battery-by-prisoner statute, which required "bodily harm" and defined that term as "physical

6

pain or injury, illness, or any impairment of physical condition." The defendant argued that the "bodily harm" requirement did not pass the Curtis Johnson test because a Wisconsin court had affirmed a battery-by-prisoner conviction where a prisoner threw a cup of urine at a guard. Id. at 1053. Writing for the court, Judge Easterbrook rejected that argument because "the ground on which the court sustained [that] conviction — that the urine had in fact caused pain to the guard when it got into his eyes and nose — [came] within the language of Curtis Johnson, which said that it is enough if the force is 'capable of' causing pain."[6] Id.

For the same reason, Colon's reliance on Bailey is misplaced. In that case the husband caused his wife pain when he poked and shoved her, 979 N.E.2d at 133–34, 138, which satisfies Curtis Johnson, see 559 U.S. at 143, 130 S. Ct. at 1272 (stating that "physical force" might consist of "only that degree of force

---

[6] In Flores v. Ashcroft, 350 F.3d 666, 669 (7th Cir. 2003), the issue was whether an Indiana conviction for misdemeanor battery, which included a "bodily injury" requirement, qualified as a crime of violence under 18 U.S.C. § 16(a), which requires that an offense have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Writing for the court, Judge Easterbrook concluded that it did not qualify as a crime of violence because § 16(a) required that the "force be violent in nature — the sort that is intended to cause bodily injury, or at a minimum likely to do so." Id. at 672 (emphasis added). But Flores was decided before Curtis-Johnson, which made clear that the "phrase 'physical force' means violent force — that is, force capable of causing physical pain or injury to another person." Curtis Johnson, 559 U.S. at 140, 130 S. Ct. at 1271 (original emphasis omitted and emphasis added); see also Vail-Bailon, 868 F.3d at 1301 ("[T]he court in Flores defined physical force to mean force that is 'intended to cause bodily injury, or at a minimum likely to do so.' Vail-Bailon concedes that neither part of his proposed definition is consistent with Curtis-Johnson. That is, the Supreme Court did not identify intent to cause injury as a relevant consideration, and it spoke of force that is capable of causing pain or injury rather than just injury.") (quoting Flores, 350 F.3d at 672) (emphasis added) (citation and quotation marks omitted). Judge Easterbrook did not cite Flores in the Yates decision, and Colon also does not mention Flores in his brief. In any event, it is no longer good law.

necessary to inflict pain — a slap in the face, for example"). And Colon points to no case where an Indiana court concluded that "bodily injury" occurred where the victim did not feel pain.[7] See Yates, 842 F.3d at 1053 ("[The defendant] has not identified any case in which Wisconsin's judiciary affirmed a battery-by-prisoner conviction that penalized acts that caused neither pain nor injury."). As a result, Indiana's felony battery statute requires "physical force," which means that Colon's convictions qualify as violent felonies under the ACCA's elements clause.

**AFFIRMED.**

---

[7] Colon relies on Toney v. State, 961 N.E.2d 57, 60 (Ind. Ct. App. 2012), but the court in that case held that bodily injury occurred where the victim "experienced physical pain as a result of [the defendant's] action of grabbing her hand and twisting her phone out of her hand." In Tucker v. State, 725 N.E.2d 894, 897–98 (Ind. Ct. App. 2000), the court concluded that the "State [did] not have to prove that the victim suffered physical pain in order to prove that there was bodily injury," but in that case the evidence showed that the victim suffered a bruise, which qualified as a bodily injury. Tucker affirms that Indiana's definition of bodily injury requires proof of either injury or pain, which is enough to satisfy Curtis Johnson. 559 U.S. at 140, 130 S. Ct. at 1271. And Colon's argument that Indiana's felony battery statute does not require the use of force because it does not have an intent requirement fails because the statute does require "knowing or intentional[ ]" touching. Ind. Code § 35-42-2-1(a)(2) (2003).