In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 20-2131 & 20-2297

UNITED STATES OF AMERICA,

*Plaintiff-Appellee/Cross-Appellant*,

*v.*

BRYANT LOVE,

*Defendant-Appellant/Cross-Appellee*.

Appeals from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:17CR2-001 — **Philip P. Simon**, *Judge*.

ARGUED FEBRUARY 24, 2021 — DECIDED AUGUST 6, 2021

Before FLAUM, MANION, and KANNE, *Circuit Judges*.

MANION, *Circuit Judge*. Bryant Love pleaded guilty to multiple drug counts and a felon-in-possession count. The government proposed three prior offenses to trigger the Armed Career Criminal Act's 15-year mandatory minimum sentence: 1) 1994 Illinois armed robbery; 2) 2009 federal distribution of crack cocaine; and 3) 2015 Indiana Class D battery resulting in bodily injury.

Love argued the ACCA should not apply for two reasons. First, he claimed he received a "restoration of rights" letter without an express reference to guns after he was released on the 1994 Illinois armed robbery conviction. Second, he argued his 2015 Indiana Class D battery-resulting-in-bodily-injury conviction was not a crime of violence under the ACCA.

The judge held the armed robbery conviction was an ACCA predicate but agreed with Love that the battery-resulting-in-bodily-injury conviction was not, as a categorical matter, a "violent felony," so Love did not have three ACCA predicates so he was not an armed career criminal. The judge sentenced Love to 96 months on each count, to be served concurrently. Love and the government both appeal.

Love argues the judge was wrong about the armed robbery conviction but right about the battery-resulting-in-bodily-injury conviction, and he argues the judge was wrong about two other sentencing issues. The government argues the exact opposite. We agree with the government and reverse and remand.

## I. Background

Love sold crack to a confidential informant a few times. Officers searched his apartment and found crack in the kitchen. They also found two guns and ammunition in a hutch in an adjoining room. About 15 feet separated the drugs from the guns. Love pleaded guilty to three drug counts and one felon-in-possession count (18 U.S.C. § 922(g)(1)).

A violation of 18 U.S.C. § 922(g)(1) causes a default sentencing range of 0 to 10 years. 18 U.S.C. § 924(a)(2). But the ACCA increases the penalty to a 15-year mandatory

minimum if the defendant had three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1).

The government proposed three ACCA predicates: 1) 1994 Illinois armed robbery; 2) 2009 federal distribution of crack cocaine; and 3) 2015 Indiana Class D battery resulting in bodily injury. Both parties agree that the 2009 federal drug conviction satisfies the ACCA. The judge held the armed robbery conviction satisfies the ACCA but the battery-resulting-in-bodily-injury conviction does not. So Love was not considered an armed career criminal and the judge did not apply the mandatory minimum.

The judge found Love possessed a loaded firearm "in connection with" drug trafficking. So the judge applied USSG § 2K2.1(b)(6)(B)'s four-level enhancement. This produced a guidelines range of 57 to 71 months. The judge also considered Love's eight pending charges—some "very distressing"—as 18 U.S.C. § 3553(a) sentencing factors. The judge noted Love's "shocking drum beat of criminal behavior."

The judge sentenced Love to 96 months on each count, concurrent. Both parties appeal. Love argues the judge was wrong about the armed robbery conviction. He claims he was "mousetrapped" after that conviction, so it cannot count as an ACCA predicate. Love also argues the judge erred in holding that he possessed a firearm "in connection with" drug trafficking and erred in considering the facts underlying the eight pending charges. The government argues the judge was wrong about the battery-resulting-in-bodily-injury conviction.

## II. Mousetrapping?

Love argues that his 1994 Illinois armed robbery conviction does not count as an ACCA predicate. On appeal, his only argument regarding this prior conviction is that the district judge made an erroneous finding of fact.

Section 921(a)(20) says that if a defendant received restoration of his civil rights following a prior conviction, and that restoration does not expressly say he may not possess firearms, then that prior conviction does not count as an ACCA predicate: "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). This "anti-mousetrapping provision" applies if "the state sent [defendant] a document stating that his principal civil rights have been restored, while neglecting to mention the continuing firearms disability … ." *Buchmeier v. United States*, 581 F.3d 561, 566–67 (7th Cir. 2009).

Love had the burden to prove by a preponderance of the evidence that his rights were restored. *United States v. Foster*, 652 F.3d 776, 793 (7th Cir. 2011). Love acknowledges that although we review application of the ACCA *de novo*, we review underlying factual findings for clear error. *Kirkland v. United States*, 687 F.3d 878, 882–83 (7th Cir. 2012).

The district judge presented a thorough review of the evidence. He considered the testimony of the Assistant Chief Record Officer for the Illinois Department of Corrections. The judge also considered a transcript offered by Love of the

testimony of an Illinois DOC lawyer in a different case. The judge considered the lack of a stipulation about Love's receipt of any discharge letter. He considered the lack of testimony from Love himself about any notice he received regarding restoration of rights following the subject prior conviction. Love never presented any notice allegedly given to him. The judge also carefully considered and rejected Love's invocation of the "presumption of regularity" doctrine. The judge determined that the most persuasive proof came from the Record Officer, who said it was *not* the practice of the institution that discharged Love to provide restoration-of-rights letters, and who said no such letter was found in Love's DOC file. So the judge concluded Love had not demonstrated that he received a notice about the restoration of his civil rights that failed to mention a continuing firearms limitation.

On appeal, Love invites us to re-weigh the evidence. But our review of the facts is limited to clear error, and we do not see any here. So Love's 1994 Illinois armed robbery conviction counts as an ACCA predicate.

### III. 2015 Indiana Class D battery resulting in bodily injury

Relying on our decision in *Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003), and the Supreme Court's decision in *Curtis Johnson v. United States*, 559 U.S. 133 (2010), the district court determined that Love's conviction under the version of Indiana Code 35-42-2-1(a)(2)(A) applicable in 2013 did not satisfy the ACCA's elements clause. The government appeals. As the question of whether a prior offense was a violent felony under the ACCA is a question of law, we review *de novo*. *United States v. Lockett*, 782 F.3d 349, 352 (7th Cir. 2015).

After the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague in *Samuel Johnson v. United States*, 576 U.S. 591, 606 (2015), the only way Love's 2015 conviction for Indiana Class D battery resulting in bodily injury qualifies as an ACCA predicate is if it satisfies the ACCA's elements clause, which in relevant part defines "violent felony" to be any crime punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another … ." 18 U.S.C. § 924(e)(2)(B)(i).

We generally employ the categorical approach to determine whether a prior felony satisfies the ACCA's elements clause. *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016); *Descamps v. United States*, 570 U.S. 254, 260–61 (2013). That is, "we consider whether the elements of the prior felony required the prosecution to prove defendant used, attempted to use, or threatened to use physical force against the person of another." *Portee v. United States*, 941 F.3d 263, 266 (7th Cir. 2019). When a statute sets out alternative elements rather than alternative means or facts to satisfy a single element, the statute is divisible and we apply the modified categorical approach. *United States v. Ker Yang*, 799 F.3d 750, 753 (7th Cir. 2015). We glance at limited documents in the prior case to determine which alternative element formed the basis of the conviction. *Id.*; *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Under either approach, we do not consider the factual details about what defendant actually did to deserve the prior conviction. After all, the ACCA's elements clause defines "violent felony" in terms of *elements*, not in terms of actual factual details. So we do not consider what defendant actually did. Instead, we consider the minimum elements a prosecutor had

to prove to support a conviction under the State's criminal statute. We consider the version of the State's criminal statute in effect at the time of the offense. *See United States v. Bennett*, 863 F.3d 679, 680 (7th Cir. 2017).

Here, the parties agree Love was convicted of a Class D felony under Indiana Code 35-42-2-1(a)(2)(A). The offense occurred in 2013, when that statute said:

(a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

….

(2) a Class D felony if it results in bodily injury to:

(A) a law enforcement officer or a person summoned and directed by a law enforcement officer while the officer is engaged in the execution of the officer's official duty … .

Ind. Code 35-42-2-1(a)(2)(A).

Indiana (then and now) defined "bodily injury" as "any impairment of physical condition, including physical pain." Ind. Code 35-31.5-2-29.

The meaning of "physical force" in § 924(e)(2)(B)(i) is a question of federal law. *Curtis Johnson*, 559 U.S. at 138. But we are bound by Indiana's determination of the elements of its criminal statute. *Id.*

Love's basic argument is that Indiana's touching element here can be accomplished by a mere unwanted touch. It is true that a statute that allows conviction for a mere unwanted touch does not satisfy the ACCA's

elements clause. In *Curtis Johnson*, the Supreme Court rejected the contention that "physical force" in the ACCA incorporated the common-law view that "force" is satisfied by even the slightest offensive touching. *Curtis Johnson*, 559 U.S. at 139–40. Instead, the Court held that "physical force" in the ACCA's elements clause means "*violent* force": "We think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140.

But the type of force a statute of prior conviction must categorically require to satisfy the ACCA's elements clause is not much more severe than mere unwanted or offensive touching. In *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019), the Supreme Court concluded that the ACCA's elements clause covers robbery offenses that depend on the criminal overcoming the victim's resistance. This holds true even if the resistance is merely slight, weak, and feeble. *Id.* at 553. The force required for common-law robbery (and for Florida robbery) is sufficient under the elements clause. *Id.* at 551. Mere snatching of property from another without overcoming any resistance does not satisfy robbery statutes requiring force to overcome resistance. But grabbing a victim's fingers and peeling them back to steal money constitutes robbery under such a statute. And that minor level of force also satisfies the ACCA's elements clause.

The *Stokeling* Court embraced Justice Scalia's *Castleman* concurrence, which observed that the "'hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling'" relied on by the *Castleman* majority as satisfying *Curtis*

*Johnson*'s definition of "physical force" in the elements clause do not bear "'any real resemblance to mere offensive touching, and all of them are capable of causing physical pain or injury.'" *Stokeling*, 139 S. Ct. at 554 (quoting *United States v. Castleman*, 572 U.S. 157, 182 (2014) (Scalia, J., concurring)).

We summarized *Curtis Johnson* and *Stokeling* as requiring "more than the simple offensive touching that the common law would have called for, but the requirement to show 'force sufficient to overcome a victim's resistance' is not a demanding one." *Klinko v. United States*, 928 F.3d 539, 547 (7th Cir. 2019) (internal citation omitted).

The problem with Love's argument that Indiana's touching element here can be accomplished by a mere unwanted touch is that it fails to account for the element of "bodily injury" required for his crime of prior conviction. Class B misdemeanor battery only required "knowingly or intentionally" touching "another person in a rude, insolent, or angry manner." Ind. Code 35-42-2-1(a). But that was not Love's crime. Love's crime was Class D felony battery, which by the terms of its elements had to result in "bodily injury." Ind. Code 35-42-2-1(a)(2)(A). It is self-evident in the strict sense that physical force which *resulted* in bodily injury was *capable* of causing bodily injury. *Douglas v. United States*, 858 F.3d 1069, 1071 (7th Cir. 2017) ("[F]orce that *actually* causes injury necessarily was capable of causing that injury and thus satisfies the federal definition."). We see no reason why Indiana's definition of "bodily injury" for these purposes is lower than the low threshold for the ACCA's "physical force" as interpreted by *Curtis Johnson* and *Stokeling*. True, Indiana had a heightened level

of battery—Class C felony—for rude, insolent, or angry touching resulting in "serious bodily injury," which Indiana defines in dramatic terms. Ind. Code 35-42-2-1(a)(3). But this does nothing to undermine the conclusion that Indiana battery resulting in "bodily injury" is enough to satisfy the ACCA.

Both the district judge and Love rely on *Flores*.

*Flores* demonstrates that "physical force" in 18 U.S.C. § 16 (comparable to 18 U.S.C. § 924(e)(2)(B)(i)) is not a simple matter of Newtonian physics.

Newton's second law measures force as equal to mass times acceleration (F = m a). A "dyne" is the amount of force needed to accelerate one free gram by one centimeter per second per second. A "newton" is 100,000 dynes, "and a good punch packs a passel of newtons." *Flores*, 350 F.3d at 672.

But *Flores* and *Curtis Johnson* teach that "physical force" in these recidivist laws is not the same as physical force in Newton's laws. Otherwise, every crime involving a fraction of a dyne as an element would involve "physical force" and would be a "violent crime." This would "make hash of the effort to distinguish ordinary crimes from violent ones." *Id.* So, at law, the difference between ordinary crimes involving mere contact and "violent crimes" involving "physical force" is not a matter of quantity but of quality. *Id.*

*Flores* marked this line with reference to intent and likelihood: The way to avoid collapsing the distinction between violent and non-violent offenses "is to insist that the

force be violent in nature—the sort that is intended to cause bodily injury, or at a minimum likely to do so." *Id.*

*Curtis Johnson* cited *Flores* favorably and adhered to the logic of its distinctions. But *Curtis Johnson*, in a manner of speaking, lowered the bar: "We think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140.

As we have said: "While mere touching is not enough to show physical force, the threshold is not a high one; a slap in the face will suffice." *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016).

*Stokeling* reaffirmed that "physical force means force capable of causing physical pain or injury." *Stokeling*, 139 S. Ct. at 553 (internal quotation marks omitted). Stokeling asked the Court to adopt a new, heightened understanding of "physical force" as meaning force that is "reasonably expected to cause pain or injury." *Id.* at 554. But the *Stokeling* Court followed the *Curtis Johnson* Court and rejected that interpretation: "*Johnson* … does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." *Id.*[1]

---

[1] *See also Yates v. United States*, 842 F.3d 1051, 1052 (7th Cir. 2016) ("*Curtis Johnson* stated that the sort of 'force' that comes within the elements clause is 'force capable of causing physical pain or injury to another person.'"); *Duncan*, 833 F.3d at 756 ("[N]either *Flores* nor *Curtis Johnson* holds that a crime involving actual or threatened infliction of only pain or minor injury cannot qualify as a violent felony. A fear of a slap in the face is sufficient under *Curtis Johnson*. The fact that § 35-42-5-1(2) requires a fear of

Here, Indiana law required the prosecutor to prove Love touched a police officer in a rude, insolent, or angry manner and to prove that this resulted in bodily injury. If the touching *resulted* in bodily injury, then by definition the touching was *capable* of causing bodily injury. And that is enough for the ACCA. So Love's 2015 conviction for Indiana Class D battery resulting in bodily injury counts as an ACCA predicate.

## IV. Conclusion

Love committed three ACCA-predicate offenses. Both parties agree that the 2009 federal drug conviction predicates the ACCA. The district judge committed no reversible error in determining the 1994 Illinois armed robbery conviction predicates the ACCA. But he erred in determining that the 2015 Indiana Class D battery-resulting-in-bodily-injury conviction does not predicate the ACCA. So Love must be re-sentenced under the ACCA.

Love raised two other sentencing issues. He argued the judge erred by departing upward from the guidelines

---

only 'bodily injury' instead of 'moderate' or 'severe' bodily injury therefore does not exclude it from counting as a violent felony under the ACCA."); *Colon v. United States*, 899 F.3d 1236, 1239 (11th Cir. 2018) ("[A] felony battery conviction under the Indiana statute necessarily requires that the defendant use 'force capable of causing physical pain or injury.'"); *United States v. Vail-Bailon*, 868 F.3d 1293, 1301–02 (11th Cir. 2017) ("According to Vail-Bailon, because the Supreme Court included a pinpoint cite to page 672 of the *Flores* decision and because, among other things, the discussion on page 672 includes the articulation of a 'likelihood' test, then that means the Supreme Court was signaling to the reader that it had not actually adopted the 'capability' test it had just expressly announced, but instead it was incorporating a 'likelihood' test that it never bothers to mention. For several reasons, we are not persuaded.").

based on other pending criminal charges and without giving specific, written reasons for the departure. He also argued the judge erred by imposing the four-level USSG § 2K2.1(b)(6)(B) enhancement even though the government failed to show Love used or possessed a firearm "in connection with" another felony.

In response, the government argues that if we agree with it about the ACCA, then we need not reach these other two issues. The government also argues Love would lose on these two issues anyway.

Love made no reply to the argument that we need not address the other two issues if he must be resentenced under the ACCA. Even at oral arguments, the government reiterated its position that we need not reach these two issues if we agree with it on the ACCA, and still Love made no reply. So we decline to reach these two issues.

We reverse and remand for resentencing under the ACCA.